UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ATIYA WAHAB,                                           :
                                                      :        Civil Action No. 12-6613 (PGS)
                     Plaintiff,                       :
                                                      :
        v.                                            :        MEMORANDUM OPINION
                                                      :
STATE OF NEW JERSEY                                   :
DEPARTMENT OF ENVIRONMENTAL                           :
PROTECTION,                                           :
                                                      :
                     Defendant.                       :

This matter comes before the Court upon Plaintiff Atiya Wahab's ("Plaintiff") request for leave to file a Second Amended Complaint [Docket Entry No. 34] to specifically name the State of New Jersey and the following individuals, Steven Maybury, Gwen Zervas, Pam Lyons, Deborah Figueroa, and John Does 1-5 (the "individual Defendants"), as Defendants in this matter and to add claims against all of the existing and proposed Defendants under the New Jersey Law Against Discrimination ("NJLAD"). Defendants oppose Plaintiff's Motion [Docket Entry No. 38]. The Court has fully reviewed and considered all arguments made in support of, and in opposition to, Plaintiff's Motion.  The Court considers Plaintiff's Motion without oral argument pursuant to L.CIV.R. 78.1(b).   For the reasons set forth more fully below, Plaintiff's motion is GRANTED IN PART AND DENIED IN PART.

I.      **Background and Procedural History**

Plaintiff filed a Complaint *pro se* on October 19, 2012 (Docket Entry No. 1), followed by an Amended Complaint on August 13, 2013, also *pro se.* (*See* Amended Complaint; Docket Entry No. 34).   In said Complaints, Plaintiff alleges discrimination and retaliation engaged against her

by various supervisors and superiors. However, Plaintiff only names the New Jersey Department of Environmental Protection ("NJDEP") as a Defendant in the caption. (*Id*.). Plaintiff allegedly thought referencing individuals in the body of the original Complaint and Amended Complaint was sufficient to plead a cause of action against them individually. Plaintiff, now represented by counsel, seeks to file a Second Amended Complaint, adding her superiors Steven Maybury, Gwen Zervas, Pam Lyons, Deborah Figueroa, John Does 1-5 in their individual capacities as well as the State of New Jersey as Defendants. (*Id*.). Further, Plaintiff now alleges a claim for a violation of NJLAD. (*Id*.).

## II. Arguments

### A.   Plaintiff's Argument

Plaintiff argues the motion to amend should be granted because Fed. R. Civ.P. 8(a) does not require the pleading to state specific facts, only that the Defendant is given fair notice of what the claim is and the grounds upon which it rests. (*Id*.). Furthermore, relying on *Hughes* v. *Rowe*, 449 U.S. 5 (1980), Plaintiff argues that a *pro se* complaint is held to a less stringent standard than formal pleadings drafted by lawyers, and that courts have a special obligation to construe such complaints liberally. (*Id*.). Plaintiff contends that the Amended Complaint, which was filed by Plaintiff as a *pro se* Plaintiff, should be construed liberally. Under a liberal construction, Plaintiff claims that all Defendants received proper notice of this action.   (*Id*.).

Plaintiff argues that due to the notice pleading standard applied generally to complaints and the even further relaxed standards applied to *pro se* litigants' pleadings, Plaintiff's Complaint and Amended Complaint provide fair notice to the Defendants of the nature and basis of the asserted claims and a general indication of the type of litigation involved. (*Id*.).   Plaintiff further supports her argument by dismissing the importance of the caption of a Complaint, stating that it

is not considered part of the pleader's statement of claim and is not determinative of the parties to the action. (*Id.*).   Instead Plaintiff argues that the words of the Complaint are what are important and that both the Complaint and Amended Complaint state who engaged in the alleged discrimination. (*Id.*).   Furthermore, Plaintiff cites to Fed. R. Civ. P. 15(a) and argues that leave to amend pleadings shall be freely given when justice so requires. (*Id.* citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Lastly, Plaintiff argues Fed. R. Civ. P. 15(c) specifically permits an amendment of a pleading to relate back to the of the original Complaint when the amendment asserts a claim that arose out of the same conduct, transaction, or occurrence set out, or attempted to be set out, in the original pleading. (*Id.* citing Fed. R. Civ. P. 15(c)(1)(B)).

### B.   Defendant's Argument

Defendant, NJDEP, argues that Plaintiff's proposed Second Amended Complaint would be futile, and therefore should be denied. (*See* Brief in Opposition; Docket Entry No. 38). Defendant argues that Plaintiff has failed to state a claim upon which relief can be granted because the addition of defendants cannot relate back to the time of the original pleading, and Defendant, Department of Environmental Protection is immune from suit under NJLAD pursuant to the Eleventh Amendment. (*Id.*).

Additionally, Defendant asserts that the claims of discrimination based on sex and color should be dismissed with prejudice because Plaintiff failed to exhaust her administrative remedies. (*Id.*).   Defendant also claims that the applicable statute of limitations bar any acts occurring before September 15, 2011 because Plaintiff submitted her Charge of Discrimination to the EEOC on July 11, 2012, and any earlier acts would exceed the 300 day period applied to her claims. (*Id.*). Defendant asserts that Plaintiff's attempt to add individual Defendants is futile because Plaintiff cannot satisfy Fed. R. Civ. P. 15(c) to comport with the statute of limitations requirements, and

because individual defendants are immune from suit under Title VII and the NJLAD. (*Id.*).

Defendant further argues that claims regarding Plaintiff's disability should be dismissed based on the doctrine of laches and equitable estoppel. (*Id.*)  Defendant claims that because Plaintiff previously advised the Court in writing that she was withdrawing her disability claim, both the Court and Defendant relied on this assertion. (*Id.*).  Defendant submits that it relied on this assertion when submitting interrogatories and requests for production of documents to Plaintiff, in taking her deposition and in its decision to not file a motion to dismiss the Amended Complaint in lieu of an Answer. (*Id.*).

### C.   Plaintiff's Reply

In her Reply, Plaintiff argues that the main purpose for filing the motion to amend the Complaint is to make clear that the supervisors named in the body of the Complaint are named Defendants and that the facts alleged against them establish a cause of action under NJLAD. (*See* Reply Brief; Docket Entry No. 39).   Plaintiff admits that the Eleventh amendment "may" bar an action for damages against the State of New Jersey and NJDEP, but not against the named Defendants in their individual capacities for damages, and not against NJDEP for equitable relief. (*Id.*).

## II.   Analysis

### A.  Standard for Leave to Amend

Pursuant to FED. R. CIV. P. 15(a)(2), leave to amend the pleadings is generally granted freely.  *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000).   Nevertheless, the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of

4

the amendment, [or] futility of the amendment." *Id.*   However, where there is an absence of undue

delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally

granted.   *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).

      In deciding whether to grant leave to amend, "prejudice to the non-moving party is the

touchstone for the denial of the amendment."   *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir.

1989) (quoting *Cornell & Co., Inc. v. Occupational Health and Safety Review Comm'n*, 573 F.2d

820, 823 (3d Cir. 1978)).   To establish prejudice, the non-moving party must make a showing that

allowing the amended pleading would (1) require the non-moving party to expend significant

additional resources to conduct discovery and prepare for trial, (2) significantly delay the

resolution of the dispute, or (3) prevent a party from bringing a timely action in another

jurisdiction.   *See Long*, 393 F.3d at 400.   Delay alone, however, does not justify denying a motion

to amend.   *See Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001).

Rather, it is only where delay becomes "'undue,' placing an unwarranted burden on the court, or . .

. . 'prejudicial,' placing an unfair burden on the opposing party" that denial of a motion to amend

is appropriate.   *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984).

      Further, a proposed amendment is appropriately denied where it is futile.   An amendment

is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face."

*Harrison Beverage Co. v. Dribeck Imp., Inc.,*, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal

quotation marks and citations omitted).   To evaluate futility, the District Court uses "the same

standard of legal sufficiency" as applied to a motion to dismiss under Rule 12(b)(6). *Shane v.

Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).   "Accordingly, if a claim is vulnerable to dismissal

under *Rule 12(b)(6)*, but the plaintiff moves to amend, leave to amend generally must be granted

unless the amendment would not cure the deficiency." *Id.*

In determining futility, the Court considers only the pleading, exhibits attached to the pleading, matters of public record, and undisputedly authentic documents if the party's claims are based upon same.  *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).   To determine if a pleading would survive a Rule 12(b)(6) motion, the Court must accept all facts alleged in the pleading as true and draw all reasonable inferences in favor of the party asserting them.  *Lum v. Bank of Am.*, 361 F.3d 217, 223 (3d Cir. 2004). "[D]ismissal is appropriate only if, accepting all of the facts alleged in the [pleading] as true, the p[arty] has failed to plead 'enough facts to state a claim to relief that is plausible on its face[.]'" *Duran v. Equifirst Corp.*, Civil Action No. 2:09-cv-03856, 2010 WL 918444, *2 (D.N.J. March 12, 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Put succinctly, the alleged facts must be sufficient to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

Although a pleading does not need to contain "detailed factual allegations," a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555 (citation omitted).   Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*.   Additionally, in assessing a motion to dismiss, although the Court must view the factual allegations contained in the pleading at issue as true, the Court is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007).

### B.  Discussion

Plaintiff seeks to file a Second Amended Complaint to specifically name the State of New Jersey and the following individuals, Steven Maybury, Gwen Zervas, Pam Lyons and Deborah Figueroa (the "individual defendants"), as Defendants in this matter and to add claims against all of the existing and proposed Defendants under NJLAD. Specifically, Plaintiff seeks to clarify that through her *pro se* Complaint and Amended Complaint, she intended to sue the State of New Jersey as well as the individual Defendants in both their official and individual capacities under Title VII of the Civil Rights Act of 1964.   28 U.S.C. § 2000e, *et seq.*   Plaintiff also seeks to add claims against NJDEP, the State of New Jersey and individual Defendants in both their official and individual capacities under the NJLAD.   In opposing Plaintiff's motion, Defendant focuses mainly on the alleged futility of Plaintiff's motion.   As a result, the Court does the same. For the reasons stated below, the Court shall permit Plaintiff to:   (1) assert claims against the individual Defendants in their official capacities and the State of New Jersey under Title VII; (2) assert claims against the individual Defendants in their individual capacities under NJLAD; and (3) assert claims for injunctive relief against NJDEP, the State of New Jersey and the individual Defendants in their official capacities under NJLAD.

### 1.  FED.R.CIV.P. ("RULE") 15(C)

The Court notes that NJDEP argues that Plaintiff's proposed claims against the individual Defendants must fail because the claims do not relate back to Plaintiff's original or Amended Complaint and are therefore time-barred by the applicable statutes of limitation.   While NJDEP is correct that if initially asserted now, absent relation back under Rule 15(c), Plaintiff's claims against the individual Defendants would be time barred, here, however, Plaintiff attempted to set forth claims against the individual Defendants in her original and Amended Complaint.   Indeed,

the Amended Complaint is replete with allegations against them.   (*See, e.g.*, Amended Cmplt. ¶¶ 3, 6-9, 12-13, 16-17, 19-22 and 26 (detailing each individual Defendant's alleged discriminatory and hostile treatment toward Plaintiff).   As a result, while the individual Defendants were not included in Plaintiff's caption, it is clear from the body of the Amended Complaint that Plaintiff intended to assert claims against them.

Plaintiff filed the original Complaint and Amended Complaint as a *pro se* party.   As such, the Court views those pleadings liberally and leniently and will not hold the fact that Plaintiff did not have the benefit of counsel when filing same against her.   *Lewis v. Attorney General*, 878 F.2d 714, 722 (3d Cir. 1989).   Instead, the Court construes Plaintiff's pleadings "so as to do justice."   Rule 8(e).

With this in mind, the Court finds that Plaintiff's proposed claims against the individual Defendants are not time barred.   Assuming that relation back is necessary under the unique circumstances present here – where Plaintiff thought she had in fact sued the individual Defendants in her original pleadings – the Court finds that Plaintiff meets the standards set forth in Rule 15(c): Plaintiff's claims against the individual Defendants arise out of the "conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading[.]"   Rule 15(c)(B). Indeed, many of the claims against the individual Defendants were attempted to be set out in Plaintiff's Amended Complaint.   Further, Plaintiff's proposed amendments change "the party or the party against whom a claim is asserted" and the individual Defendants received sufficient notice of this action such that they will not be prejudiced in defending it on the merits.   Rule 15(c)(C)(i).   In addition, the individual Defendants knew or should have known that the action would have been brought before them absent a mistake concerning their proper identity.   Rule 15(c)(C)(ii).   As already stated, Plaintiff believed that she had, in fact, sued the individual

8

Defendants.   Under these circumstances, any different conclusion regarding the timeliness of Plaintiff's claims would unjustly elevate form over substance.

The Court shall not, however, allow Plaintiff to add John Does 1-5 or the State of New Jersey as Defendants. Plaintiff may not add parties John Does 1-5 as Defendants because there is no reasonable reading of the original Complaint where such unnamed and fictitious parties could relate back. In order to name fictitious parties, a Plaintiff must comport with N.J.S.A. 4:26-4 which states, "If the defendant's true name is unknown to the plaintiff, process may issue against the defendant under a fictitious name, stating it to be fictitious and adding an appropriate description sufficient for identification." N.J.S.A. 4:26-4.   Plaintiff has provided no such description and has not attempted in any way to identify or ascertain the identity of such parties.   Thus this Court denies the addition of any unnamed or fictitious parties.

## 2.   <u>Title VII</u>

With respect to Plaintiff's Title VII claims, the Court shall allow Plaintiff to amend her Complaint to assert Title VII violations against the State of New Jersey and the individual Defendants in their official capacity.   Plaintiff's proposed Second Amended Complaint sets forth sufficient facts to raise such claims for relief above the speculative level.   This is true regardless of whether Plaintiff's claims are based on color or sex or race, religion, national origin, age, disability or retaliation.

While Defendant takes issue with the inclusion of new factual allegations in Plaintiff's proposed Second Amended Complaint that concern incidents that occurred in 2005 and 2000, arguing that Plaintiff's attempt to raise claims arising from these incidents is inappropriate because Plaintiff failed to timely file a Charge of Discrimination with the EEOC regarding same, the Court disagrees.   Simply because Plaintiff mentions the older incidents in her proposed Second

Amended Complaint does not necessarily mean that she is attempting to assert claims based on them.   Instead, her reliance on the older incidents may be simply for background purposes and/or to strengthen her claims based on all of the Defendants more recent conduct.   In the context of Plaintiff's motion to amend, which must be liberally granted under Rule 15(a), the Court finds that it would be inappropriate to strike these allegations from Plaintiff's proposed Second Amended Complaint as futile.   Nevertheless, Defendant's right to substantively challenge their inclusion and the purpose of same in Plaintiff's pleading via future motion practice is preserved

Defendant also takes issue with the inclusion of color and sex in Plaintiff's proposed Second Amended Complaint because neither Plaintiff's Charge of Discrimination with the EEOC nor Plaintiff's Intake Questionnaire referenced her sex or color contending that Plaintiff failed to exhaust her administrative remedies regarding said claims.   The Court disagrees.   As Defendant acknowledges, claims asserted in Title VII litigation are "not strictly limited to those checked off in the box section on the front page of the Charge, nor even to the specific claims that the EEOC investigated pursuant to the Charge."   (*See* Brief in Opposition; Docket Entry No. 38 at 12 (citing Hicks v. ABT Associates, Inc., 572 F.2d 960, 966 (3d Cir. 1978))).   "Rather, the permitted scope of the lawsuit is any claim that should have been included in a reasonable investigation conducted by the EEOC, based upon the information contained in the Charge."   (*Id*. (citing *Ostapowicz v. Johnson Bronze Co*., 541 F.2d 394, 398-99 (3d Cir. 1976))).   Bearing in mind that this issue is being raised in the context of Plaintiff's motion to amend, the liberal standard for amending pleadings under Rule 15(a), the fact that failure to exhaust administrative remedies is an affirmative defense on which Defendant bears the burden of proof and the standard for determining whether a proposed amendment is futile, the Court finds the inclusion of claims based on Plaintiff's color and sex to be appropriate at this juncture.   Whether such claims should have been included

in a reasonable investigation conducted by the EEOC is more of a fact question better left for a

later day.   As a result, the Court shall allow said claims to be included in Plaintiff's proposed

Second Amended Complaint.

Nevertheless, to the extent Plaintiff seeks to assert Title VII claims against the individual

Defendants in their individual capacities, Plaintiff's motion is denied as futile.   It is well settled

that Title VII does not support liability against employers in their individual capacity.   *See*

*Acebedo v. Monsignor Donovan High Sch.*, 420 F.Supp 2d 337, 346 (D.N.J. 2006); *Mosley v. Bay*

*Ship Mgmt., Inc.*, 174 F.Supp 2d 192, 199 (D.N.J. 2000)

### 3.   New Jersey Law Against Discrimination

Turning to Plaintiff's proposed NJLAD claims, to the extent Plaintiff is attempting to

assert NJLAD claims against the NJDEP, state of New Jersey and the individual defendants in

their official capacities, Plaintiff's proposed amendment is denied as futile because such claims

are barred by the Eleventh Amendment.


The Eleventh Amendment states:
> The Judicial power of the United States shall not be construed to
> extend to any suit in law or equity, commenced or prosecuted
> against one of the United States by Citizens of another State, or by
> Citizens or Subjects of any Foreign State.

The Supreme Court has interpreted this amendment as making states generally immune

from suit by private parties in federal court.   *See Board of Tr. of Univ. of Alabama v. Garrett*,

531 U.S. 356, 363, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001); *Pennhurst State Sch. & Hospital v.*

*Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.   2d 67 (1984).   It is understood that

where the Eleventh Amendment bars a citizen's suit against his own state, it also bars the same

cause of action against state agents and instrumentalities.   *Regents of the University of*

*California v. Doe*, 519 U.S. 425, 429 117 S.Ct. 900, 137 L.Ed. 2d 55 (1997).

There are only three exceptions to Eleventh Amendment immunity:   (1) congressional abrogation; (2) state waiver; and (3) suits against individual state officers for prospective relief to end an ongoing violation of federal law.   *See MCI Telecommunication Corp. v. Bell Atlantic Pennsylvania*, 271 F.3d 491, 503 (3d Cir. 2001).   Notably, the last exception, which is the doctrine of *Ex Parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), only permits individual state officers to be sued in their *individual* capacities for prospective injunctive and declaratory relief to end a continuing or ongoing violation of federal law.   *See MCI Telecommunication*, 271 F.3d at 506.   Absent one of these exceptions, suits against a state can only be in state court.

Here, there has been no congressional abrogation of Eleventh Amendment immunity. Nor has the State of New Jersey waived its sovereign immunity with respect to Plaintiff's proposed NJLAD claims.   Indeed, the question of whether, in light of the Eleventh Amendment, the State of New Jersey could be sued under NJLAD in federal court was addressed in *Garcia v. The Richard Stockton College of New Jersey*, 201 F.Supp. 2d 545 (D.N.J. 2002).   There, the Court held that based on the principles of Eleventh Amendment sovereign immunity, "a plaintiff may not sue the State of New Jersey, or its alter egos, under the NJLAD in federal court."   *Id*. at 550.   Further, the Court found that supplemental jurisdiction pursuant to 28 U.S.C. § 1367, despite its policy benefits, could not be used to bring the NJLAD claims against the state and its alter egos in federal court.   *Id*.   As the *Garcia* court noted, the Supreme Court "already rejected such policy arguments.   *Pennhurst*, 465 U.S. at 120-22.   As a result, any request to add claims to this litigation against the State of New Jersey, NJDEP or the individual defendants in their official capacities pursuant to NLAD is denied as futile.

12

Nevertheless, the Court shall permit Plaintiff to add NJLAD claims against the individual defendants in their individual capacities.   As noted above, such claims as to the individual defendants in their individual capacities seeking perspective injunctive and declaratory relief to end continuing violations are appropriate under the doctrine of *Ex Parte Young*.   Further, claims seeking monetary damages are also viable.   While supervisors may not be held individually liable as employers under NJLAD, they may be liable for aiding and abetting under said statute. *See Hurley v. Atlantic City Police Dept.*, 174 F.3d 95, 125-26 (3d Cir. 1999), *disagreed with on other grounds in Potente v. County of Hudson*, 187 N.J. 103 (N.J. June 6, 2006); *Brown v. Joel Tanis & Sons, Inc.*, Civ. No. 2:13-cv-02984 (WJM), 2014 WL 2705262, *4 (D.N.J. June, 13, 2014).   Here, despite Defendant's arguments to the contrary, Plaintiff's proposed Second Amended Complaint contains sufficient factual material, when taken as true, to support a claim that the individual defendants are liable for aiding and abetting based on their active and purposeful discriminatory and retaliatory conduct.   (*See, e.g.,* Proposed Second Amended Cmplt. ¶¶ 39, 44-48, 50, 52-53, 58-61, 64, 77-85).   As a result, except as described below, the Court shall permit Plaintiff to amend her Amended Complaint to add NJLAD aiding and abetting claims against the individual defendants in their individual capacities.

### 4.   NJLAD Claims Based on Plaintiff's Disability

The Court finds that to the extent Plaintiff seeks to assert NJLAD aiding and abetting claims against the individual defendants based on Plaintiff's alleged disability, Plaintiff's proposed amendments are denied as prejudicial.

Regardless of Plaintiff's *pro se* status, Plaintiff was aware of the fact that she had a potentially viable disability claim.   Indeed, Plaintiff included same in her original pleading. Plaintiff then informed the Court and Defendant that she was seeking to voluntarily withdraw

said claim.   (*See* Order of 7/8/2013 at 1 (noting that Plaintiff in her response to Defendant's

partial motion to dismiss "purports to withdraw certain claims."); Docket Entry No. 9).

Defendant relied on Plaintiff's assertion regarding the withdrawal of her disability claims.

Defendant neither sought any paper discovery specifically related to Plaintiff's alleged disability

nor asked any substantive questions regarding said disability during Plaintiff's deposition.   (See

Brief in Opposition; Docket Entry No. 38 at 28).   Indeed, the only question asked of Plaintiff

during her deposition regarding her previously asserted disability was:

> Q:   Now, you're not making a claim of disability discrimination in
> this lawsuit; correct?
> A:   Correct.

(*Id*. (quoting at 143:1-4)).

Under these circumstances, the Court finds that it would be unfairly prejudicial to

Defendant to allow Plaintiff to reassert any claim based on her alleged disability.   Permitting

Plaintiff to make such a claim would require Defendant to expend substantial additional

resources to conduct discovery.   Defendant would have to resend additional document demands

and interrogatories.   Further, Plaintiff's deposition would have to be reopened so that Defendant

could question Plaintiff regarding her purported disability.   Not only would Defendant incur

additional monetary costs to prepare for and take this additional discovery, but said discovery

would certainly require additional time to take.   While under certain circumstances the Court

might be persuaded that this extra time and money was not significant enough to rise to the level

of unfair prejudice, here, where Plaintiff voluntarily withdrew her disability claim and Defendant

clearly relied on said withdrawal in preparing its case, the Court finds that unfair prejudice

exists.   Therefore, Plaintiff's motion to amend is denied to the extent Plaintiff seeks to assert

any claims based on her purported disability.

14

**III.**         **Conclusion**

For the reasons set forth above, Plaintiff's Motion to Amend is GRANTED IN PART

AND DENIED IN PART.   An appropriate Order follows.


Dated: April 30, 2015


                                        s/   Tonianne J. Bongiovanni
                                        **HONORABLE TONIANNE J. BONGIOVANNI**
                                        **UNITED STATES MAGISTRATE JUDGE**

15