UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ATIYA WAHAB, | : | Civil Action No. 12-6613 (FLW) |
| **Plaintiff,** | : | |
| v. | : | MEMORANDUM OPINION AND ORDER |
| STATE OF NEW JERSEY; NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION; STEVEN MAYBURY; GWEN ZERVAS; PAM LYONS; DEBORAH FIGUEROA (in their individual official capacities) and JOHN DOES 1-5 (being agent, servants and employees of defendants as a continuing investigation may reveal who are fictitiously named because their true identities are unknown) | : | |
| **Defendants** | : | |

**BONGIOVANNI, U.S.M.J.,**

**I.        Introduction**

This matter has been opened to the Court upon Motion by Plaintiff, Atiya Wahab (hereinafter "Plaintiff"). [Docket Entry No. 76]. Plaintiff is seeking reconsideration of this Court's March 15, 2016 Letter Order denying Plaintiff's letter application requesting discovery of Identifying Characteristics (Sex, Race, etc.) for the individuals who the defendants transferred into the Bureau of Inspection and Review (hereinafter "BIR"). Defendants have filed in response. [Docket Entry No. 77]. The Court decided this motion without oral argument pursuant to L. Civ. R. 78.1(b). For the reasons set forth below, Plaintiff's request is denied.

**II.       Background and Procedural History**

Plaintiff's original Complaint was filed on October 19, 2012; Plaintiff's most recent

Amended Complaint was filed on June 14, 2015, bringing three counts against all defendants that include Violation of the New Jersey Law Against Discrimination, Violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e to -17), and Violations of the New Jersey Civil Rights Act (N.J.S. § 10:6-1 to -2). [*See,* Docket Entry No. 1, *Pl.'s Compl.*; *see,* Docket Entry No. 47 at 14-16, *Pl.'s Am. Compl.*]. On March 3, 2016, the parties were instructed to update the Court on discovery by March 7, 2016. [*See,* Docket Entry No. 74, Letter Order]. The parties met and conferred on March 3rd, 4th, 7th, and 11th to resolve all outstanding issues pertaining to the privilege logs belonging to the Department of Environmental Protection and the State of New Jersey. [Docket Entry No. 75 at 1, *Def.'s March 11, 2016 Email Correspondence Letter*]. The parties also confirmed that all items requested by Plaintiff at depositions were provided on November 25, 2014 as result of the second survey, which included the resumes of the individuals transferred into the BIR in late 2011 and early 2012. [*Id.*]. The single issue that remained for the Court to consider was Plaintiff's discovery request for the information identifying sex, race, etc. maintained by the State Defendants for Equal Employment Opportunity (hereinafter "EEO") compliance purposes. [Docket Entry No. 75 at 1-2, *Pl.'s March 12, 2016 Email Correspondence Letter*]. The Court denied Plaintiff's request. [Docket Entry No. 76].

**III.      Arguments**

In her moving papers, Plaintiff simply argues that the Court "has deprived Plaintiff of the benefit of the *McDonnell Douglas* test," in which the burden of proof shifts to the Defendant(s) to dispute a claim in cases when the Plaintiff establishes a prima facie case of discrimination[1].

---

[1] In order to establish a prima facie, a plaintiff must establish that: (i) the plaintiff belongs to a protected class; (ii) the plaintiff was qualified for the positon; (iii) despite being qualified, the plaintiff was subject to adverse action; and (iv) the employer continued to seek applicants from persons of plaintiff's qualifications and treated similarly qualified persons outside the plaintiff's class differently. [Docket Entry No. 76 at 1, *Document 76-1: Pl.'s Br. for Mot. for Recons.*, March 24, 2016 (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973))].

[Docket Entry No. 76 at 1, *Document 76-1: Pl.'s Br. for Mot. for Recons.*]. The Court has difficulty discerning what the nature of the benefit the Court has deprived Plaintiff of, and therefore turns to Plaintiff's original request for discovery. There, the Plaintiff argues that the Defendants should be required to produce the identifying characteristics information because it is "difficult—if not impossible" to establish that the State treated similarly situated individuals outside Plaintiff's protected class without the information identifying their race, gender, etc.. [Docket Entry No. 75 at 2, *Pl.'s March 12, 2016 Email Correspondence Letter*].

Defendants argue that Plaintiff's reliance on *McDonnell Douglas* is misplaced and does not guarantee a right to access the information that Plaintiff seeks. Defendants also argue that EEO compliance information is confidential under N.J.A.C. 4A:1-2.2(a) and Executive Orders 9, 11 and 26. [Docket Entry No. 77 at 2, *Def.'s Br. in Opp'n to Pl.'s Mot. for Recons.*, Apr. 4, 2016]. Additionally, Defendants cite *Tuno v. NWC Warranty Corp.* and claim that Plaintiff's discovery request is purely speculative and falls outside the allowable scope of discovery permitted by Fed. R. Civ. Proc. 26. [*Id.* at 3].

**IV.     Analysis**

"[R]econsideration is an extraordinary remedy, that is granted 'very sparingly.'" *Brackett v. Ashcroft*, 2003 U.S. Dist. LEXIS 21312 (D.N.J. Oct. 7, 2003) (Martini). The District Court has generally adopted the language of the Third Circuit stating that: "[the] purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Durand v. FedEx*, 2015 U.S. Dist. LEXIS 3066 (D.N.J. Jan. 12, 2015) (Martini) (citing *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert. den.*, 476 U.S. 1171 (1986)). Generally, there are three grounds of relief for motions of consideration: "(1) an intervening change in controlling law has occurred; (2) evidence not previously available has become available; or (3)

it is necessary to correct a clear error of law or prevent manifest injustice." *Carmichael v. Everson*, 2004 U.S. Dist. LEXIS 11742 (D.N.J. May 21, 2004) (Cavanaugh). In other words, motions for reconsideration only succeed when there are factual matters or precedent of law that were "overlooked" by the Court, and the consideration of these overlooked facts or precedent might have reasonably led the Court to a different conclusion. *Scott v. IBM Corp.*, 2000 U.S. Dist. LEXIS 17979 (D.N.J. Nov. 29, 2000) (Simandle).

The purpose of a motion for reconsideration is not to have "a means of having a second bite at the proverbial apple." *United States v. DeLaurentis*, 83 F. Supp. 2d 455, 474 n.2 (D.N.J.) (Orlofsky), *vac.* 230 F.3d 659 (3d Cir. 2000). This Court has made clear that evidence a party could have presented at the time of its initial motion will not be entertained by the Court. *Damiano v. Sony Music Entertainment*, Inc., 975 F. Supp. 623, 636 (D.N.J. 1997) (Simandle). Moreover, this Court has demonstrated that it will not entertain new legal argument submitted in a motion for reconsideration when the argument could have been presented in the original motion. *Speeney v. Rutgers*, 2007 U.S. Dist. LEXIS 9554, 4-5 (D.N.J. Feb. 9, 2007) (Cavanaugh). Mere disagreement with a court's decision is not within the procedural function of a motion for reconsideration, rather, it is a matter dealt within the normal appellate process. *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 162 (D.N.J. 1988) (Wolin).

Plaintiff's motion does not fall within the narrow standard for which reconsideration is granted. Plaintiff has not cited the occurrence of any change of controlling law or presented any evidence that was previously unavailable; nor does Plaintiff argue that there was a clear error of law that produced a prejudicial effect. Rather, Plaintiff relies on essentially the same argument and cites precedent that was presented in their original motion for discovery of the EEO information. [Docket Entry No. 75 at 2, *Pl.'s March 12, 2016 Email Correspondence Letter* (citing *McDonnell*

*Douglas* and stating that the Plaintiff is entitled to the benefit requiring Defendants to produce the EEO compliance information)]. The Court has already considered Plaintiff's argument when it denied Plaintiff's initial request for Defendant's EEO compliance records. As Plaintiff has raised essentially the same argument in the instant motion, the Court will not allow the Plaintiff a second opportunity to raise the same contention that was made in the initial discovery request.

**V.     Conclusion**

For the reasons set forth above, the Court does not find any grounds to grant Plaintiff's motion for reconsideration. Consequently, Plaintiff's motion is DENIED. An appropriate order follows.

IT IS on this 20th  day of June, 2016

ORDERED that Plaintiff's motion for reconsideration is DENIED; and it is further

ORDERED that the Clerk's office shall terminate Docket Entry No. 76.

S/Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**