NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

---

|  |  |  |
|---|---|---|
| ATIYA WAHAB, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 12-6613-BRM-TJB |
| | : | |
| v. | : | |
| | : | **OPINION** |
| STATE OF NEW JERSEY DEPARTMENT | : | |
| OF ENVIRONMENTAL PROTECTION, | : | |
| et al., | : | |
| Defendants. | : | |

---

**MARTINOTTI, DISTRICT JUDGE**

Before the Court are Pam Lyons' ("Lyons") Motion to Vacate, Motion to Quash Service, and Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(5). (ECF No. 102.) Plaintiff Atiya Wahab ("Plaintiff") opposes the Motions (ECF No. 106.) Pursuant to Federal Rule of Civil Procedure 78(b), the Court did not hear oral argument. For the reasons set forth below, Lyons' Motion to Vacate is **GRANTED**, Motion to Quash is **DENIED**, and Motion to Dismiss is **DENIED**.

## I.     BACKGROUND

On October 19, 2012, Plaintiff, *pro se*, filed a Complaint against the State of New Jersey Department of Environmental Protection ("NJDEP") alleging it "created a hostile working environment and acted in a hostile and discriminatory manner toward Plaintiff" and retaliated against her for filing an Equal Employment Opportunity ("EEO") complaint against them. (Compl. (ECF No. 1) at 1.) NJDEP was served with a copy of the Complaint on approximately October 24, 2012. (Aff. of Kathryn Duran (ECF No. 3-1) ¶ 4.)

On February 15, 2013, NJDEP filed a motion to dismiss the Complaint. (NJDEP Mot. to Dismiss (ECF No. 6).) In opposition to the motion, Plaintiff, *pro se*, filed a motion to file an amended complaint. (Opp. to NJDEP Mot. to Dismiss (ECF No. 8).) On July 8, 2013, the Court denied NJDEP's motion to dismiss and granted Plaintiff leave to file an amended complaint. (Order (ECF No. 9).) On August 6, 2013, Plaintiff, *pro se*, filed an Amended Complaint against the NJDEP alleging the same causes of action but providing more factual detail. (*See* Am. Compl. (ECF No. 11).)

On July 12, 2014, Donald F. Burke, Esq. entered an appearance on behalf of Plaintiff. (Not. of Appearance (ECF No. 29).) On September 15, 2014, Plaintiff filed a motion to amend the Amended Complaint, which was granted in part on April 30, 2015, allowing Plaintiff to add the following five new defendants to the Complaint: the State of New Jersey, Steven Maybury ("Maybury"), Gwen Zervas ("Zervas"), Debroah Figueroa ("Figueroa"), and Lyons. (*See* Mot. to Amend (ECF No. 34) and Opinion (ECF No. 41).) Accordingly, on June 14, 2015, Plaintiff filed a Second Amended Complaint. (Second Am. Compl. (ECF No. 47).) On November 17, 2015, summons was effectuated upon the NJDEP, Maybury, Zervas, and Figueroa. (Summonses (ECF Nos. 56-59).) Lyons was not served.

On December 16, 2015, Plaintiff filed a request for entry of default as to defendants NJDEP, Maybury, the State of New Jersey, Zervas, and Figueroa. (Requests for Default (ECF Nos. 61-65).) On that same day, the Clerk of the Court denied Plaintiff's request as to the NJDEP and the State of New Jersey because they answered the Second Amended Complaint. (NJDEP & State of New Jersey Answer to Second Am. Compl. (ECF No. 48).) However, the Clerk entered default as to Maybury, Zervas, and Figueroa. On December 22, 2015, Maybury, Zervas, and Figueroa filed a Motion to Set Aside Default, Motion to Quash Service, and Motion to Dismiss. (ECF No.

68.) On January 1, 2016, Plaintiff filed a Cross Motion to Extend Time to Serve the Summons and Second Amended Complaint in Order to Deem Service Effective *Nunc Pro Tunc* and to Extend Time to Serve the Summons and Second Amended Complaint on Pam Lyons and to Compel the State of New Jersey to Comply with Subpoena or, Alternatively, to Allow Substituted Service of a Summons and Second Amended Complaint on Pam Lyons. (ECF No. 69.) On April 20, 2016, the Court granted Maybury, Zervas, and Figueroa's Motion to Vacate Default, but denied their Motion to Quash Service and Motion to Dismiss. (Order (ECF No. 78).) In addition, the Court granted Plaintiff's Motion to Deem Service Effective *Nunc Pro Tunc* on Maybury, Zervas, and Figueroa. (*Id.*) The Court also granted Plaintiff's Motion to Extend Time to Serve Lyons within 15 days of being provided with Lyons' address by the NJDEP and the State of New Jersey's counsel. (*Id.*)

By letter via UPS overnight mail and email dated April 26, 2016, NJDEP and the State of New Jersey provided Plaintiff with Lyons' address. (Certif. of Christopher J. Kelly (ECF No. 102-2) ¶ 3 and Letter with Lyons' Address (ECF No. 102-3).) Plaintiff did not effectuate personal service on Lyons until October 17, 2016. (Summons (ECF No. 96).) On November 17, 2016, Lyons filed a Motion to Dismiss for Lack of Jurisdiction and Motion to Quash. (Lyons' Mot. to Dismiss and Quash (ECF No. 97).) However, on December 1, 2016, at a telephone conference, the parties and the Court agreed to administratively terminate Lyons' Motions to Dismiss and Quash pending settlement negotiations. The Court further indicated that if settlement talks failed the Motions would be reinstated. (Letter Order (ECF No. 98); Moving Brief (ECF No. 102-1) at 5; Letter to Court from Lyons (ECF No. 102-5).) Following submissions of *ex parte* settlement statements, the Court notified the parties by email dated January 12, 2017, they were too far apart to convene a settlement conference. (ECF No. 102-1 at 5 and 102-5.) As such, Lyons requested

that the Court reinstate her Motion to Quash. (ECF No. 102-5.) On January 12, 2017, Plaintiff filed a request for default as to Lyons, which was granted on January 13, 2017. (Request for Entry of Default (ECF No. 100).) Plaintiff sent a letter dated February 6, 2017, opposing the request to vacate the Entry of Default and Lyons responded on February 7, 2015. (ECF No. 102-7.) On March 1, 2017, Lyons filed a Motion to Set Aside Default, Motion to Quash Service, and Motion to Dismiss for Lack of Jurisdiction. (ECF No. 102.) Plaintiff opposes the Motions. (ECF No. 106.)

## III. DECISION

### A. Entry of Default Against Defendant Lyons

Lyons argues the Court should vacate the Entry of Default against her because it was improperly entered on two grounds: (1) Lyons properly defended the lawsuit by filing a motion to dismiss for lack of jurisdiction and a motion quash on November 17, 2016 (ECF No. 97); and (2) Plaintiff improperly served Lyons with the Second Amended Complaint (ECF No. 102-1 at 6-10). Plaintiff argues she successfully served Lyons by regular mail. (ECF No. 106 at 1-3.)

Federal Rule of Civil Procedure 55(a) provides that: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Default, however, may be "set aside . . . for good cause" at the Court's discretion. Fed. R. Civ. P. 55(c); *see Bailey v. United Airlines*, 279 F.3d 194, 204 (3d Cir. 2002). Entries of default are not favored, and doubtful cases are to be resolved in favor of the party moving to set aside the default so that cases may be decided on the merits. *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984). To determine whether good cause exists to vacate the entry of default, the Court looks at the following factors: (1) prejudice to the plaintiff; (2) whether the default was entered due to the culpable conduct of the defaulting party; (3) availability of a meritorious defense; and (4) the

4

effectiveness of alternative sanctions.[1] *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987) (citing *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984)); *Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985).

The Court, however, need not reach those factors when the default was improperly entered. *See Gold Kist, Inc.*, 756 F.2d at 19 (finding "it is not necessary . . . to resort to an analysis of those factors . . . because they apply only when [entry of default] or default judgment was authorized and the only question before the district court is whether to exercise its discretion to set aside the default"); *Mettle v. First Union Nat'l Bank*, 279 F. Supp. 2d 598, 603 (D.N.J. 2003) (finding that because "the entry of default against [the defendant] is void based on the improper service of the summons and complaint, the Court need not consider the factors set forth in [*Gold Kist, Inc.*]").

Courts have declined to uphold entries of default where, in lieu of filing an answer to a complaint, defendants filed motions to dismiss or motions to quash. *See Dougherty v. Adams-Dougherty*, No. 15-8541, 2016 WL 5219460, at *9 (D.N.J. Sept. 21, 2016) ("The Court cannot say the [] Defendants have failed to plead or otherwise defend this action where they have twice filed motions to dismiss the Complaint."); *Wilcox v. Lakewood Twp.*, No. 01-1854, 2002 WL 32974017, at *7 (D.N.J. Feb. 22, 2002) (concluding "there was no cause for default judgment because the defendants were awaiting the outcome of a pending, and subsequently withdrawn, motion to quash service and dismiss plaintiff's complaint"); *Nwabue v. Wayne State Univ. Sch. Of Med.*, 513 F. App'x 551, 552 (6th Cir. 2013) (holding the District Court properly denied the applicant's motion for entry of default because "defendants already had 'plead[ed] or otherwise defend[ed]' by filing

---

[1] This last factor is not always considered by the Third Circuit. *See, e.g.*, *Budget Blinds, Inc. v. White*, 536 F.3d 244, 256 (3d Cir. 2008); *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656 (3d Cir. 1982).

their motion to dismiss before [the plaintiff] filed his default motion, the district court clerk properly denied [the plaintiff's motion" (citing Fed. R. Civ. P. 55(a))).

Moreover, the absence of proper service constitutes good cause per se for vacating entry of default. *See Gold Kist, Inc.*, 756 F.2d at 19 ("A default judgment entered when there has been no proper service of the complaint is, a fortiori, void, and should be set aside."); *Mettle*, 279 F. Supp. 2d at 603 n.3 (finding entry of default void based on improper service of summons and complaint); *Smalls v. Buckalew Frizzell & Crevina LLP*, No. 13-4637, 2014 WL 2889645, at *1 (D.N.J. June 25, 2014) ("Clearly, failure to effect proper service constitutes good cause.").

The Court finds Plaintiff did not properly effect service of the summons and Second Amended Complaint in accordance with the Federal Rules and Lyons has otherwise defended this matter, and for those reasons, default was improper. First, not only did Plaintiff not effect service within 120 days of filing the Second Amended Complaint, as required by Rule 4(m), but she did not effect service within 15 days of being provided with Lyons' address by the NJDEP and the State of New Jersey's counsel as ordered by the Court (ECF No. 78). Federal Rule of Civil Procedure Rule 4(m) provides, in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

An individual may be served in a judicial district of the United States by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> > (A) delivering a copy of the summons and of the complaint

6

to the individual personally;

> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Plaintiff effected personal service on Lyons on October 17, 2016, 491 days after the Second Amended Complaint was filed, 377 days after the summons was issued, and approximately 5 months after the time period within which Plaintiff was required to serve Lyons pursuant to Court Order.

Plaintiff argues she successfully served Lyons by regular mail pursuant to the New Jersey Court Rules of service on May 12, 2016. (ECF No. 106-1 ¶ 41 and ECF No. 106-5.) Even assuming, *arguendo*, such service was proper, it was not within the 15-day period ordered by the Court on April 20, 2016. The record reveals the NJDEP and the State of New Jersey's counsel provided Plaintiff with Lyons' last known address on April 26, 2016, by email (ECF No. 102-3), and Plaintiff admits she did not *mail* the Second Amended Complaint to Lyons until May 12, 2016, one day *after* the Court imposed deadline. (ECF No. 106-1 ¶ 41 and ECF No. 106-5.) Albeit just one day, service was late and improper.

Furthermore, service by mail pursuant to New Jersey Court Rule 4:4-4(b)(1) can only be made when supported by an affidavit of inquiry satisfying the requirements of Rule 4:4-5(b). New Jersey Court Rule 4:4-5(b) provides:

> The inquiry required by this rule shall be made by the plaintiff, plaintiff's attorney actually entrusted with the conduct of the action, or by the agent of the attorney; it shall be made of any person who the inquirer has reason to believe possesses knowledge or information as to the defendant's residence or address or the matter

inquired of; the inquiry shall be undertaken in person or by letter enclosing sufficient postage for the return of an answer; and the inquirer shall state that an action has been or is about to be commenced against the person inquired for, and that the object of the inquiry is to give notice of the action in order that the person may appear and defend it. The affidavit of inquiry shall be made by the inquirer fully specifying the inquiry made, of what persons and in what manner, so that by the facts stated therein it may appear that diligent inquiry has been made for the purpose of effecting actual notice.

Neither Plaintiff's certification in opposition to these Motions (ECF No 106-1), nor the declaration of her process server (ECF No. 106-3) satisfies these requirements. Plaintiff's certification and declaration fail to demonstrate she inquired of any person who she believed had knowledge of Lyons' location, and informed that person that the purpose of the inquiry was to give notice of an action that has been field so that Lyons may appear and defend the action. Because Plaintiff failed to timely serve Lyons in conformity with Rule 4(m) and the Court's Order, sufficient "good cause" exists for setting aside the entry of default entered by the Clerk of the Court on January 13, 2017, against Lyons. *See Gold Kist, Inc.*, 756 F.2d at 19; *Mettle*, 279 F. Supp. 2d at 603.

Second, the Court finds Lyons has otherwise defended this matter, and for that reason as well, the entry of default was improper. *See Dougherty*, 2016 WL 5219460, at *9; *Wilcox*, 2002 WL 32974017, at *7; *Nwabue*, 513 F. App'x 551, 552. On November 17, 2016, Lyons filed a Motion to Dismiss for Lack of Jurisdiction and Motion to Quash, after being served with the improper personal service on October 16, 2016. (ECF No. 97.) However, on December 1, 2016, at a telephone conference the parties and the Court agreed to administratively terminate Lyons' Motions to Dismiss and Quash pending settlement negotiations. The Court further indicated that if settlement talks failed the Motions would be reinstated. (ECF No. 98; ECF No. 102-1 at 5; ECF No. 102-5.) Following submissions of *ex parte* settlement statements, the Court notified the parties by email dated January 12, 2017, they were too far apart to convene a settlement conference. (ECF

No. 102-1 at 5 and ECF No. 102-5.) Therefore, Lyons requested that the Court reinstate her Motion to Quash. (ECF No. 102-5.) However, prior to the Motion being reinstated, on January 12, 2017, Plaintiff filed a request for default as to Lyons, which was granted on January 13, 2017. (ECF No. 100.) Lyons' Motion to Dismiss for Lack of Jurisdiction and Motion to Quash in lieu of filing an answer to the Second Amend Complaint indisputably constitutes "otherwise defend[ing]"the action pursuant to Federal Rule of Civil Procedure 55(a). Accordingly, Lyons Motion to Vacate Default is **GRANTED**.

### B. Whether the Attempted Service Should be Quashed

Lyons argues the Court should quash service as to her as untimely because she was not properly served until October 17, 2016, and no good cause exists for an extension of service. (ECF No. 102-1 at 10-12.) Plaintiff argues good cause exists for an extension of service because Lyons intentionally evaded service during the 15-day period ordered by the Court. (ECF No. 106 at 4-5.)

"If a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). If a plaintiff can show "good cause" for the failure to timely serve a defendant, "the court must extend the time for service for an appropriate period." *Id.*

"District courts conduct a two-part analysis when determining whether to extend the time for service of a summons and complaint." *Chiang v. U.S. Small Bus. Admin.*, 331 F. App'x 113, 115 (3d Cir. 2009) (citation omitted). "First, the district court must determine whether good cause exists for a plaintiff's failure to effect timely service. If good cause does not exist, the district court must then consider whether to grant a discretionary extension of time." *Id.* (citations omitted).

The Third Circuit has equated good cause with the concept of excusable neglect. *See Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1312 (3d Cir. 1995). A showing of good cause

"requires a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules." *MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995). The "primary focus" of the good cause inquiry "is on the plaintiff's reasons for not complying with the time limit in the first place." *Boley v. Kaymark*, 123 F.3d 756, 758 (3d Cir. 1997) (citation omitted). "Legislative history provides only one example where an extension for good cause would be permissible—specifically when the defendant intentionally evades service of process." *Lovelace v. Acme Markets, Inc.*, 820 F.2d 81, 84 (3d Cir. 1987) (citing 128 Cong. Rec. H9848, 9852 n.25 (daily ed. Dec. 15, 1982), reprinted in 1982 U.S. Code Cong. & Admin. News 4434, 4446 n.25.) "'Half-hearted' efforts by counsel to effect service of process prior to the deadline do not necessarily excuse a delay, even when dismissal results in the plaintiff's case being time-barred due to the fact that the statute of limitations on the plaintiff's cause of action has run." *Id.* (citation omitted). In addition, when a delay is the result of inadvertence of counsel, it need not be excused. *Id.* Likewise, when there is a lack of due diligence to ensure timely service of process, an extension of the time for service may be refused. *Id.* As such, half-hearted efforts, inadvertence, or a lack of due diligence by counsel are not excusable neglect. *See Petrucelli*, 46 F.3d at 1312.

Even where good cause is not shown, other factors are weighed to determine whether or not an extension of time for service is warranted. *Chiang*, 331 F. App'x at 116. "A district court may consider actual notice of the legal action; prejudice to the defendant; the statute of limitations on the underlying causes of action; the conduct of the defendant; and whether the plaintiff is represented by counsel, in addition to any other factor that may be relevant when deciding whether to grant an extension or dismiss the complaint." *Id.*

The Court finds good cause exists for Plaintiff's failure to effect timely service. Plaintiff attempted to personally serve Lyons at the address provided by the NJDEP and the State of New Jersey on five separate occasions within the 15-day time frame mandated by the Court and attempted to serve Lyons by certified mail, return receipt requested at the address provided. (ECF No. 106-1 ¶¶ 37-46 and ECF No. 106-4.) All of Plaintiff's attempts were unsuccessful until after the 15-day period ordered by the Court. Nonetheless, in light of the limited time frame provided by the Court, the fact that Plaintiff attempted numerous times to personally serve Lyons, and the allegation that Lyons may have attempted to evade service for the 15-days, the Court finds good cause existed for Plaintiff's untimely service. Therefore, service upon Lyons on October 17, 2016, is deemed proper.[2] (ECF No. 96.) Accordingly, Lyons' Motion to Quash Service is **DENIED**.

## C. Whether Plaintiff's Complaint as to Lyons Should be Dismissed

Lyons argues Plaintiff's Second Amended Complaint as to her should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(5) for failure to effect timely service. (ECF No. 102-1 at 12.) Plaintiff misconstrues Lyons' Motion to Dismiss pursuant to Rule 12(b)(5) as a motion to dismiss pursuant to Rule 12(b)(6) and argues the Second Amended Complaint as to Lyons should not be dismissed because it states a plausible claim. (ECF No. 106 at 6-9.) The Court will only address Lyons' Motion to Dismiss pursuant to Rule 12(b)(5).

Federal Rule of Civil Procedure 12(b)(5) permits a court to dismiss a case for "insufficiency of service of process." "The party asserting the validity of service bears the burden of proof on that issue" *Grand Entm't Grp. v. Star Media Sales*, 988 F.2d 476, 488 (3d Cir. 1993). "Before a federal court may exercise personal jurisdiction over a defendant, the procedural

---

[2] Lyons admits service, although untimely, was properly effectuated as to her on October 17, 2016. (ECF No. 102 at 4 and *see* ECF No. 96.)

11

requirements of service of summons must be satisfied." *Omni Capital Int'l Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). District courts possess "broad discretion" when assessing a motion to dismiss for insufficient service of process. *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992). "Where a plaintiff acts in good faith, but fails to effect proper service of process, courts are reluctant to dismiss an action." *Ramada Worldwide Inc. v. Shriji Krupa, LLC*, No. 07-2726, 2013 WL 1903295, at *6 (D.N.J. Apr. 17, 2013)). Instead, "courts will elect to quash service and grant plaintiff additional time to properly serve the defendant." *Id.*

Because the Court finds good cause existed for Plaintiff's untimely service and that service upon Lyons on October 17, 2016, was proper, Lyons' Motion to Dismiss is **DENIED**.

## IV.    CONCLUSION

For the reasons set forth above, Lyons' Motion to Vacate is **GRANTED**, Motion to Quash is **DENIED**, and Motion to Dismiss is **DENIED**. Lyons is directed to answer Plaintiff's Complaint by no later than November 17, 2017.

Date: October 24, 2017                          */s/ Brian R. Martinotti*
                                                **HON. BRIAN R. MARTINOTTI**
                                                **UNITED STATES DISTRICT JUDGE**