# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ATIYA WAHAB,** | Civil Action No. 12-6613 (BRM) |
| **Plaintiff,** | |
| v. | MEMORANDUM OPINION |
| **STATE OF NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION et al,** | |
| **Defendant.** | |

**BONGIOVANNI, Magistrate Judge**

This matter has been opened to the Court upon Motion (Docket Entry No. 117) by Plaintiff Atiya Wahab ("Plaintiff") seeking an Order compelling the production of facts and documents regarding other claims of discrimination/retaliation. Defendants State of New Jersey Department of Environmental Protection ("NJDEP"), Steven Maybury, Gwen Zervas and State of New Jersey (collectively, "Defendants") oppose Plaintiff's motion (Docket Entry No. 120). The Court has fully reviewed the submissions in support of and in opposition to Plaintiff's motion. For the following reasons, Plaintiff's Motion to Compel is DENIED.

## I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff's Amended Complaint alleges violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e to 17, the New Jersey Law Against Discrimination, N.J.S. §10:5-1 to 49, the New Jersey Civil Rights Act, N.J.S. §10:6-1 to 2, and asserts other statutory and common law claims. *Pl.'s Second Am. Compl*, ¶13, Docket Entry No. 47. Plaintiff, a woman of

1

Bengali origin, was transferred from the New Jersey Department of Health and began her employment with Defendant NJDEP in September of 1989. *Id.* ¶2, ¶18. Plaintiff alleges that while serving as a Technical Coordinator for the Site Remediation Program, her supervisor, Frank Camera promised her a promotion and told her that it was being processed. *Id*. ¶23. After Camera was replaced, however, employees within the NJDEP provided Plaintiff with conflicting reports about the state of her promotion, and ultimately, she was not promoted, leading her to file an internal complaint. *Id*. ¶¶24-25. When Plaintiff was promoted to Site Mitigation Specialist I after several months, she claims that she was not provided with the requisite back pay or seniority, and filed a claim with the Equal Employment Opportunity Commission ("EEOC") for discrimination. This action reached a settlement in 2005. *Id*. ¶¶ 25-26. As a Site Mitigation Specialist, Plaintiff claims that she suffered discriminatory, retaliatory and harassing treatment by her superiors. *Id*. 27-28. As a result, Plaintiff sought and received a transfer to the Bureau of Operation and Maintenance and Management ("BOMM"). *Id.* ¶¶31-32.

At the BOMM, Plaintiff claims she was demoted beneath employees with lesser experience, but was later promoted in February 2011 to a supervisory position in the Bureau of Case Management, under Defendant Steve Maybury ("Maybury"). *Id*. ¶¶ 33-35. In mid-2011, Plaintiff claims that she was told to avoid Maybury after he told her supervisor that he did not want to speak to her. *Id*. ¶38. After Plaintiff was passed over for transfers, Defendant Gwen Zervas ("Zervas") became Plaintiff's supervisor. Plaintiff claims that she was "verbally assaulted" by Zervas, who voiced her displeasure with working with Plaintiff, and continued to mistreat her throughout 2011. *Id*. ¶¶ 42-53. After unsuccessfully petitioning for a transfer, Plaintiff spoke with defendant Pam Lyons, director of the NJDEP's Equal Employment Opportunity Office about this treatment. *Id*.

2

¶57.

Plaintiff filed her initial complaint against Defendant State of New Jersey Department of Environmental Protection ("Defendant NJ DEP") on October 19, 2012. (Docket Entry No. 1). Defendant NJ DEP filed a motion to dismiss on February 15, 2013. (Docket Entry No. 6). On July 8, 2013, the District Court denied Defendant NJ DEP's motion to dismiss and gave Plaintiff 30 days to file an amended complaint. (Docket Entry No. 9). Plaintiff filed her amended complaint on August 6, 2013. (Docket Entry No. 11).

The Court held an initial scheduling conference on September 30, 2013 and issued the first case management schedule on October 1, 2013. (Docket Entry No. 17). This matter has been actively litigated ever since. The parties have filed 11 motions. (Docket Entry Nos. 3, 6, 34, 68, 76, 85, 97, 99, 102, 117, 121). The Court has held 12 status conferences and has entered 15 orders regarding discovery. (Docket Entry Nos. 40, 50, 60, 73, 74, 75, 82, 83, 95, 98, 103, 105, 109, 113, 116). In Its June 5, 2017 letter order, the Court gave Plaintiff permission to file the instant motion. The Court noted, however, that Plaintiff should address why this request for information is coming five years into the litigation and that Plaintiff should also address how the request is narrowly tailored to seek relevant information. (Docket Entry No. 113).

Plaintiff filed the instant motion on June 24, 2017 seeking discovery of documents pertaining to claims of "discrimination and harassment" made to the NJDEP starting from three years before Plaintiff made her first claims of discrimination/harassment. Plaintiff also seeks an order "that the direction not to answer deposition questions or provide discovery based about other claims of discrimination and retaliation is improper." *Pl.'s Br. in Supp. of Mot.* at 4.

Relying upon federal law, Plaintiff cites cases such as *Fuentes v. Perskie*, 32 F.3d 759, 765 (3d

3

Cir. 1994) and *Glass v. Philadelphia Electric Co.*, 34 F.3d 188, 195 (3d Cir. 1994) to support her assertion that previous instances of unfair treatment towards a particular protected class gives evidence of a pattern of discrimination and provides support for the validity of a plaintiff's claims to a jury. *Id*. at 1-2. Focusing on the State of New Jersey's support of such discovery in claims against State agencies, Plaintiff cites to the "New Jersey State Policy Prohibiting Discrimination in the Workplace" and its requirement that "Each State Agency is responsible for designating an individual or individuals to receive complaints of discrimination/harassment, investigating such complaints, and recommending appropriate remediation of such complaints." *Id.* at 3.

In response, the Defendants argue that the State should not be compelled to provide documents related to previous EEO cases filed with the NJDEP. Defendants note that since Plaintiff's initial complaint of discrimination was filed on May 8, 2004, Plaintiff is seeking more than thirteen years of confidential information. *Defs.' Opp'n. Br.* at 2. Emphasizing that the request for such files is both late and overly-broad, the crux of Defendants' opposition comes in reference to the limited discoverability of such confidential documents. *Id*.at 3.

Plaintiff's motion seeks production of confidential personnel files and confidential EEO complaints and investigations of other employees. Defendants contend that "[w]ere this Court to grant Plaintiff's request to compel EEO files, there would be an irrevocable compromise of essential privacy and confidentiality interests of employees . . .". Defendants further note that release of personnel records of other employees implicates the same concerns. *Defs.' Opp'n. Br.* at 3. Defendants first assert that when assessing a request for confidential information state law should take precedence over federal law. "In a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." *Id*. at 3, *citing* to Federal Rule

4

of Evidence 501. Defendants state that the Courts recognize a need to protect the confidential information of others, balanced with the Court's need to protect against the plaintiff's need for such information. *Defs' Opp'n Br*. at 3 (citing *Payton v. New Jersey Tpk. Auth.*, 148 N.J. 524, 548 (1997)).

Defendants contend that the files sought by Plaintiff, namely the documents related to previous claims of "discrimination and retaliation" brought against the NJDEP, are confidential documents that may not be transferred into the Plaintiff's possession without first being subject to an *in camera* review. First, the Defendants assert that EEO files for previous cases of discrimination or retaliation are governed by N.J.A.C. 4A:7-3.1. Specifically, Defendants point to a specific section that requires that "[a]ll complaints and investigations [be] handled, to the extent possible, *in a manner that will protect the privacy and interests of those involved.*" N.J.A.C. 4A:7-3.1(j) (emphasis added). In determining the discoverability of such investigative reports, the Defendants assert that the Court must balance discovery on (1) plaintiff's ability to obtain such information elsewhere; (2) the degree of impact that denying such discovery will have on the plaintiff's claim; and (3) the impact that the discovery would have on the State's investigation of the issue. *Defs.' Opp'n Br*. at 7 (citing *McClain v. Coll. Hosp.*, 99 N.J. 346, 351 (1985)). While such information may be discovered, the Defendants further assert that the request must be relevant before allowing it to be discovered. *Id*. (citing *K.S. and B.S. v. ABC Prof'l. Corp.*, 330 N.J. Super. 288, 299 (App. Div. 2000). Defendants declare that Plaintiff's mere proclamation that the EEO information may be relevant is insufficient to compel this information under established New Jersey Law. *Id.*

In addition, Defendants argue that employees should not be required to discuss "personnel

information" related to any claim before the NJDEP other than those brought by the Plaintiff. *Id.* at 8. Like EEO files, Defendants assert that Courts have routinely found personnel files to be confidential, often not requiring a Confidentiality Order to be protected, and require evidence of relevance to the case at bar before being discovered. *Id.* at 8-9 (citing *U.S. EEOC v. Schrager*, 2000 U.S. Dist. LEXIS 21501, *8 (C.D.C.A. 2000). Removed from the general discovery of documents under the Open Public Records Act by Executive Order No. 9, the Court has sought to protect individuals from having personal information within their personnel files released, with the subsequent Executive Order No. 11 preventing the State from conveying personnel information to anyone without the official capacity to examine it. *Defs.' Opp'n. Br.* at 9.

## II.  ANALYSIS

The Court has fully reviewed and considered all arguments raised by the parties. The Court has broad discretion in deciding discovery issues such as that raised by the parties here.  *See Gerald Chamles Corp. v. Oki Data Americas*, *Inc.*, Civ. No. 07-1947 (JEI), 2007 WL 4789040, at *1 (D.N.J. Dec. 11, 2007) (stating that it is "well-settled that Magistrate Judges have broad discretion to manage their docket and to decide discovery issues[.]")   Indeed, it is well settled that the appropriate scope of discovery and the management of requests for discovery are left to the sound discretion of the Court.  *See Salamone v. Carter's Retail, Inc.*, Civil Action No. 09-5856 (GEB) 2011 WL 310701, *5 (D.N.J. Jan. 28, 2011); *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982) (finding that conduct of discovery is committed to sound discretion of Court).

The Court finds that Plaintiff's request is untimely.   If, as Plaintiff contends, evidence of other claims of discrimination are so fundamental to Title VII then it begs the question of why Plaintiff

waited so long to seek to compel production of this information. The Court recognizes that the Plaintiff acted *pro* se for a period of time. During that time, however, Plaintiff actively engaged in discovery and participated in conferences. Moreover, once Plaintiff advised that she was retaining counsel and after Donald F. Burke, Esq. ("Burke"), filed a notice of appearance on July 12, 2014, the Court conducted a telephone conference to address that status of the case. (Docket Entry No. 29, 30). Plaintiff was given an opportunity to move to amend the complaint. Plaintiff was also afforded additional time for discovery. Plaintiff had sufficient time to pursue the discovery now sought.

In 2014, Plaintiff sought discovery of complaints of other employees alleging hostile environment workplace and/or employment discrimination. To which Defendants objected. *Defendant's 2/16/2015 response to Plaintiff's Request to Produce No. 33; Docket Entry No. 123-1, Ex. A at RFP Response 33*. Plaintiff never raised any issue regarding this objection nor did Plaintiff pursue the discovery requested until recently. Plaintiff waited THREE years before raising this issue with the Court. Most notably, when it was raised the parties were in the midst of conducting depositions and endeavoring to complete what appeared to be the remaining few. Indeed, the Court was actively involved in the scheduling of what depositions remained.[1] Simply put, it appeared that discovery was wrapping up. Plaintiff has had ample time to seek to compel the requested discovery and should have pursued this discovery sooner. Based on undue delay in raising this issue, the motion is denied.

The Court will nonetheless address the substance of Plaintiff's request. Plaintiff requests

---

[1] While the Court generally avoids making assumptions, it is inconceivable that if Plaintiff's request was granted, even if narrowly tailored, one or both parties would seek to reconvene or pursue depositions to address the contents of the discovery. Doing so would, for a myriad of reasons, be objectionable (it would result in delaying an already 5 year old case; it would be costly; it would be unfair to witnesses who had already been deposed).

7

production of more than thirteen years of "discrimination and harassment" complaints. Plaintiff does nothing to limit the scope, e.g. by time frame, supervisors or divisions within the agency or specific claims. Not only is Plaintiff's request overbroad, it is excessive. The cases upon which Plaintiff relies, does little to advance Plaintiff's argument. In *West v. Philadelphia Electric Co.*, for example, the Third Circuit held that the district court erred in limiting discovery to within the 300-day filing period and for imposing a "same actor, same conduct" requirement for admissibility. 45 F.3d 744, 754 (3d Cir. 1995). In *West*, unlike here, the discovery which the Third Circuit found had been impermissibly excluded was limited in nature and contemporaneous in time. Here Plaintiff seeks expansive information spanning over a decade.

The other cases upon which Plaintiff relies merely note that evidence of other discriminatory conduct has been held by courts as relevant to allegations of discrimination. *Fuentes v. Perskie*, 32 F.3d 759, 765 (3d Cir. 1994); *Glass v. Philadelphia Electric Co.*, 34 F.3d 188, 195 (3d Cir. 1994). Neither involves a dispute as to scope of production. Moreover, while cases such as *Fuentes* and *Glass* recognize that other claims of discrimination against a defendant could provide circumstantial evidence of a defendant's discriminatory actions in the case at bar, none support a near-unlimited collection of unspecified claims. Significantly, *Fuentes* does not even discuss the scope or production of such information. It merely recognizes in a parenthetical that evidence of how an employer treated other similarly situated persons not of the plaintiff's class or that an employer has discriminated against other members of plaintiff's protected class is probative evidence of discrimination. *Fuentes*, 32 F.3d at 765. Similarly, in *Glass* when noting that "circumstantial proof of discrimination typically includes unflattering testimony about the employer's history and work practices," the court was addressing the admissibility of such

8

evidence already in plaintiff's possession, not its discoverability or production. *Glass*, 34 F.3d at 195 (quoting *Estes v. Dick Smith Ford, Inc.*, 865 F.2d 1097, 1103 (8th Cir. 1984)).

While the cases cited by Plaintiff recognize that prior EEO actions against a defendant can buttress a plaintiff's claim, none suggest that that the wide-ranging and vague discovery as sought by the Plaintiff is warranted. Pursuant to Federal Rule of Civil Procedure:

> Parties may obtain discovery regarding any non-privileged matter ***that is relevant to any party's claim or defense and proportional to the needs of the case*** considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

*Fed. R. Civ. P.* 26(b)(1) (emphasis added).

Discovery in civil matters pending in federal court is quite broad. Nevertheless, despite this breadth, the scope of discovery is not without bounds (*see* FED.R.CIV.P. 26(b)(2)(C); *Unicasa Mktg. Group, LLC v. Spinelli*, Civil Action No. 04-4173 (PGS), 2007 WL 2363158, at *2 (D.N.J. Aug. 15, 2007) (citing Rule 26(b)(2)(C)) (noting that "[w]hile broad, the scope of discovery is not boundless")), and courts will not permit parties to engage in fishing expeditions. *See Claude B. Bamberger Int'l, Inc. v. Rohm and Haas Co.*, No. CIV. 96-1041 (WGB), 1998 WL 684263, at *2 (D.N.J. April 1, 1998).

The lack of specificity suggests that Plaintiff is indeed on a fishing expedition. Neither the rules nor the case law supports Plaintiff's request for the discovery of all EEO claims brought against the NJDEP since May 8, 2001, nor does it support Plaintiff's request for such a wide range of documents. Plaintiff fails to sufficiently address the relevance or proportionality, in accordance with Federal Rule of Civil Procedure 26(b)(1) to warrant allowing such discovery.

Finally, Plaintiff does little to address the obvious privacy issues implicated by EEO

proceedings other than to suggest that the court can conduct an *in camera* review. In *Korostynski v. State of NJ, Div. of Gaming Enforcement*, the Superior Court of New Jersey, Appellate Division held that when confidential personnel information is requested, the court must weigh the litigant's need for the information against the public interest in confidentiality. *Korotynski v. State of NJ, Div. of Gaming Enforcement*, 266 N.J. Super. 549, 555 (App. Div. 1993). The Court further noted that when the privacy of third-parties is at issue, the court should be particularly careful to take appropriate procedures to ensure justified confidentiality. *Id*. at 544. Even if the information is reviewed *in camera*, that does not negate the privacy interest of the other individuals who are not involved in the litigation and whose privacy rights are implicated. This Court notes that extensive *in camera* review of documents is not generally encouraged. *Bogosian v. Gulf Oil Corp.*, 738 F.2d 587, 595 (3d Cir. 1984). Even if the Court were to find Plaintiff's delay in pursing this discovery excusable, and even if the Court deemed the Plaintiff's request for such expansive discovery as reasonable, the suggestion that It conduct an *in camera* review of more than thirteen years of material, is not.

The Court finds that Plaintiff's request is untimely and burdensome and that that Plaintiff has failed to provide sufficient relevance to support such a broad discovery request. Therefore, Plaintiff's motion is hereby DENIED.

### III. CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Compel is DENIED. An appropriate Order follows.

Dated: October 30, 2017

proceedings other than to suggest that the court can conduct an *in camera* review. In *Korostynski v. State of NJ, Div. of Gaming Enforcement*, the Superior Court of New Jersey, Appellate Division held that when confidential personnel information is requested, the court must weigh the litigant's need for the information against the public interest in confidentiality. *Korotynski v. State of NJ, Div. of Gaming Enforcement*, 266 N.J. Super. 549, 555 (App. Div. 1993). The Court further noted that when the privacy of third-parties is at issue, the court should be particularly careful to take appropriate procedures to ensure justified confidentiality. *Id*. at 544. Even if the information is reviewed *in camera*, that does not negate the privacy interest of the other individuals who are not involved in the litigation and whose privacy rights are implicated. This Court notes that extensive *in camera* review of documents is not generally encouraged. *Bogosian v. Gulf Oil Corp.*, 738 F.2d 587, 595 (3d Cir. 1984). Even if the Court were to find Plaintiff's delay in pursing this discovery excusable, and even if the Court deemed the Plaintiff's request for such expansive discovery as reasonable, the suggestion that It conduct an *in camera* review of more than thirteen years of material, is not.

The Court finds that Plaintiff's request is untimely and burdensome and that that Plaintiff has failed to provide sufficient relevance to support such a broad discovery request. Therefore, Plaintiff's motion is hereby DENIED.

### III. CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Compel is DENIED. An appropriate Order follows.

Dated: October 30, 2017

s/Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**