# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATIYA WAHAB, | Civil Action No. 12-6613 (BRM) |
| **Plaintiff,** | |
| v. | **MEMORANDUM OPINION** |
| STATE OF NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION, | |
| **Defendant.** | |

**BONGIOVANNI, Magistrate Judge,**

Presently before the Court is Plaintiff Atiya Wahab's ("Plaintiff") motion for reconsideration of the Court's October 30, 2017 Order denying Plaintiff's request for discovery and ordering disclosure. (Docket Entry No. 129). Defendants the State of New Jersey, the Department of Environmental Protection, Steven Maybury, Gwen Zervas and Pam Lyons ("State Defendants") oppose Plaintiff's motion. (Docket Entry No. 132). The Court has reviewed all arguments raised in support of and in opposition to Plaintiff's motion. The Court considers Plaintiff's motion without oral argument pursuant to L.Civ.R. 78.1(b). For the reasons stated more fully below, Plaintiff's motion is DENIED.

## I.    Background

The Court and the parties are very familiar with the facts underlying this matter. As such, the Court shall neither restate the facts of this case nor repeat the arguments made in support of and in opposition to Plaintiff's motion at length.

Plaintiff is asking the Court to reconsider Its October 30, 2017 Ruling in which it denied

Plaintiff's request for discovery regarding other complaints of discrimination and denied

Plaintiff's request that Defendant Gwen Zervas be compelled to answer the questions that she

was directed not to answer at her deposition.   (Docket Entry No. 127).

Plaintiff argues that reconsideration is appropriate because the October 30, 2017 Order

contained errors of fact and law that must be addressed.   *Pl.'s Br. in Supp. of Mot*. at 1.

Specifically, Plaintiff argues that the Court was incorrect in its statement that Plaintiff was

dilatory in asking for discovery regarding other complaints of discrimination.   *Id*. at 2.   Plaintiff

notes that the issues raised in its motion to compel were raised as a result of the direction by

counsel for Gwen Zervas not to answer questions about other claims of discrimination at her

deposition on May 15, 2017.   *Id*.   Additionally, Plaintiff argues that this Court disregarded law

that "firmly establishes that discovery of acts of discrimination against others is not only

discoverable, it is often admissible, and may be highly probative." *Id*. at 10 citing *Shattuck v.

Kinetic Concepts, Inc.*, 49 F.3d 1106, 1109-1110 (5th Cir. 1995).

State Defendants argue that Plaintiff's assertion that she was not dilatory in asking for the

requested discovery is incorrect.   State Defendants contend that it was not a delay of only a few

days between when Plaintiff demanded EEO files during the deposition of Defendant Gwen

Zervas and Plaintiff filed a letter requesting permission to file a motion to compel.   *Defs.' Br. in

Opp'n* at 2.   As the Court noted in Its October 30, 2017 Opinion, Plaintiff originally requested

the EEO files in 2015 and never sought to compel these files until after Defendant Zervas'

depositon in 2017.   (Docket Entry No. 127).

State Defendants further argue that instead of demonstrating that there was a clear error of

fact or law, Plaintiff reasserts her original argument, that EEO files are always relevant in

discrimination cases.  *Defs.' Br. in Opp'n* at 3.

## II.  Analysis

In this district, motions for reconsideration are governed by L.Civ.R. 7.1(i) and are considered "extremely limited procedural vehicle(s)."  *Resorts Int'l v. Greate Bay Hotel & Casino*, 830 F.Supp. 826, 831 (D.N.J. 1992).  As a result, "reconsideration is an extraordinary remedy, that is granted 'very sparingly[.]'" *Brackett v. Ashcroft*, No. Civ. 03-3988 (WJM), 2003 WL 22303078, *2 (D.N.J. Oct. 7, 2003) (quoting *Interfaith Community Org. v. Honeywell Int'l, Inc.*, 215 F.Supp.2d 482, 507 (D.N.J. 2002).  As such, a party seeking reconsideration bears a high burden and must demonstrate one of the following three grounds to establish that reconsideration is appropriate: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

L.Civ.R. 7.1(i) provides that:

> Unless otherwise provided by statute or rule . . ., a motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge. A brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked shall be filed with the Notice of Motion.

As is clear from the text of the Rule, the term "overlook" is the dominant term in L.Civ.R. 7.1(i).  Indeed, generally, the Rule "does not contemplate a Court looking to matters which were not originally presented."  *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F.Supp. 159, 162 (D.N.J. 1988).  Consequently, "except in cases where there is a need to correct

a clear error or manifest injustice, '[o]nly dispositive factual matters and controlling decisions of law which were presented to the court but not considered on the original motion may be the subject of a motion for reconsideration.'" *Guinta v. Accenture, LLP*, Civ. No. 08-3776 (DRD), 2009 WL 301920, *5 (D.N.J. Jan. 23, 2009) (quoting *Resorts Int'l*, 830 F.Supp. at 831).

The Court finds that Plaintiff has failed to set forth an appropriate ground warranting reconsideration. At best, it appears that Plaintiff simply disagrees with the Court's reasoning and decision. The Court, however, is not obligated to, nor is it proper for Plaintiff to request that the Court "rethink what it had already thought through - - rightly or wrongly." *Oritani S & L v. Fidelity & Deposit*, 744 F.Supp. 1311, 1314 (D.N.J. 1990). Plaintiff has not established the existence of evidence that was previously unavailable or a change in the applicable law to warrant a motion for reconsideration. Furthermore, Plaintiff has similarly failed to establish a manifest error of fact or law by the Court. The Court maintains Its position that Plaintiff's request is untimely and burdensome. Although the Court agrees with Plaintiff's assertion that discovery reflecting how others were treated in similar circumstances may help show disparate treatment, the cases cited by Plaintiff do support such an expansive discovery request. Under these circumstances, reconsideration is not appropriate.

**III.  Conclusion**

For the reasons stated above, Plaintiff's motion for reconsideration is DENIED.

An appropriate Order follows.

Dated: January 30, 2018

s/ Tonianne J. Bongiovanni
**TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**