**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

_____
                                      :
ATIYA WAHAB,                          :
                                      :       Civil Action No. 12-6613-BRM-TJB
            Plaintiff,                :
                                      :
      v.                              :
                                      :              **OPINION**
STATE OF NEW JERSEY DEPARTMENT:
OF ENVIRONMENTAL PROTECTION,          :
et al.,                               :
            Defendants.               :
_____:

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is an appeal by Plaintiff Atiya Wahab ("Wahab") (ECF No. 149) of Magistrate Judge Tonianne J. Bongiovanni's January 30, 2018 Order denying Wahab's Motion for Reconsideration of her Motion to Compel. (ECF No. 117.) Defendants Pam Lyons, Steven Maybury, State of New Jersey, State of New Jersey Department of Environmental Protection ("NJDEP"), and Dwen Zervas (collectively, "State Defendants") oppose the Motion. (ECF No. 150). Deborah Figueroa filed a letter in lieu of a brief, which advises she will rely upon the State Defendants' Motion. (ECF No. 151.) Upon reviewing the parties' submission and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, Wahab's appeal is **DENIED** and Judge Bongiovanni's Order is **AFFIRMED**.

## I.     BACKGROUND

On October 19, 2012, Wahab filed a Complaint against NJDEP alleging it "created a hostile working environment and acted in a hostile and discriminatory manner toward [Wahab] from approximately January/February 2011 through January 2012." (ECF No. 1 at 2.) She also alleged she "received retaliatory threat[sic] of disciplinary action . . . following her [Equal Employment Opportunity ("EEO")] of NJDEP complaint dated December 12, 2011 regarding discriminatory treatment and harassment." (*Id.*)  NJDEP filed a motion to dismiss on February 15, 2013. (ECF No. 6.) On July 8, 2013, the Court denied NJDEP's motion to dismiss because Wahab's submission in opposition to the motion to dismiss was an Amended Complaint. (ECF No. 9.) As such, the Court granted Wahab permission to file an Amended Complaint. (*Id.*)

On August 6, 2013, Wahab filed an Amended Complaint. (ECF No. 47.) Her Amended Complaint alleges violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e to 1; the New Jersey Law Against Discrimination, N.J.S.A. § 10:5-1 to 49; the New Jersey Civil Rights Act, N.J.S.A § 10:6-1 to 2; and asserts other statutory and common law claims. (*Id.*) On September 30, 2013, the Court held an initial scheduling conference and issued the first case management schedule on October 1, 2013. (ECF No. 17.) The parties have filed twelve motions since. (ECF Nos. 3, 6, 34, 68, 76, 85, 97, 99, 102, 117, 121, 129, 137, 149.) Judge Bongiovanni has held twelve status conferences and entered fifteen orders regarding discovery. (ECF Nos. 40, 50, 60, 73, 74,   75, 82, 83, 95, 98, 103, 105, 109, 113, 116, 142.)

On May 20, 2017, Wahab filed a letter requesting to file a motion to compel facts and documents regarding other claims of discrimination/retaliation. (ECF No. 111.) The Court granted Wahab permission to file the motion to compel but noted Wahab "should address why this request for information is coming five years into the litigation and how the request is narrowly tailored to

seek relevant information." (ECF No. 113.) Accordingly, on June 24, 2017, Wahab filed a Motion to Compel, seeking to compel NJDEP "to produce documents regarding other claims of discrimination and retaliation" and to "answer questions about other claims of discrimination and retaliation" starting from three years prior to Wahab filing her first discrimination/harassment claim. (ECF No. 117-1 at 1.) On October 30, 2017, Judge Bongiovanni denied Wahab's Motion to Compel. (ECF Nos. 27-28.) Judge Bongiovanni found Wahab's request "untimely" because Wahab had already previously sought discovery of complaints of other employees alleging hostile environment workplace and/or employment discrimination in 2014, Defendants objected to such discovery, but Wahab never raised any issue regarding this objection or pursued the discovery request until recently. (*Id.* at 7.) Judge Bongiovanni noted Wahab

> waited THREE years before raising this issue with the Court. Most notably, when it was raised the parties were in the midst of conducting depositions and endeavoring to complete what appeared to be the remaining few. Indeed, the Court actively involved in the scheduling of what depositions remained. Simply put, it appeared that discovery was wrapping up. [Wahab] has had ample time to seek to compel the requested discovery and should have pursued this discovery sooner. Based on undue delay in raising this issue, the motion is denied.

(*Id.*) Nonetheless, Judge Bongiovanni addressed the substance of the request and held Wahab's request was "overbroad" and "excessive." (*Id.* at 8.) "The lack of specificity suggests that [Wahab] is indeed on a fishing expedition." (*Id.* at 9.)

On November 8, 2017, Wahab filed a Motion for Reconsideration of Judge Bongiovanni's October 30, 2017 Opinion and Order. (ECF No. 129.) On January 30, 2018, Judge Bongiovanni denied reconsideration because Wahab failed to "established the existence of evidence that was previously unavailable or a change in the applicable law to warrant a motion for reconsideration"

and failed to establish a "manifest error of fact or law by the Court." (ECF No. 141 at 4.) On February 13, 2018, Wahab appealed the denial of the motion to reconsider. (ECF No. 149.)

## II.    LEGAL STANDARD

With respect to a district judge's review of a magistrate judge's decision, Federal Rule of Civil Procedure 72(a) states: "The district judge . . . must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id*. Similarly, this Court's Local Rules provide that "[a] Judge shall consider the appeal and/or cross-appeal and set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law." L.Civ.R. 72.1(c)(1)(A). A district judge may reverse a magistrate judge's discovery order if the order is shown to be "clearly erroneous or contrary to law" on the record before the magistrate judge. 28 U.S.C. 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter [properly referred to the magistrate judge] where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."); Fed. R. Civ. P. 72(a); L.Civ.R. 72.1(c)(1)(A); *Haines v. Liggett Grp., Inc.*, 975 F.2d 81, 93 (3d Cir. 1992) (describing the district court as having a "clearly erroneous review function," permitted only to review the record that was before the magistrate judge). The burden of showing that a ruling is "clearly erroneous or contrary to law rests with the party filing the appeal." *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004). A district judge may find a magistrate judge's decision "clearly erroneous" when it is "left with the definite and firm conviction that a mistake has been committed." *Dome Petroleum Ltd. v. Employers Mut. Liab. Ins. Co.*, 131 F.R.D. 63, 65 (D.N.J. 1990) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *accord Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D.N.J. 2008). However, "[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *United States v. Waterman*, 755 F.3d 171, 174 (3d Cir. 2014)

(quoting *Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985)). The magistrate judge's ruling is "contrary to law" if it misinterpreted or misapplied applicable law. *Kounelis*, 529 F. Supp. 2d at 518; *Gunter*, 32 F. Supp. 2d at 164.

## III.   DECISION

On appeal, Wahab argues her Motion for Reconsideration to compel Defendants to produce evidence of other discrimination and to answer questions about other claims of discrimination and retaliation should have never been denied because there are errors of facts and law in the Judge's opinion. (ECF No. 149-1.) Specifically, Wahab alleges discovery regarding how others were treated in similar circumnutates is admissible in Title VII cases. (*Id.* at 16.) Judge Bongiovanni found Wahab failed to satisfy the applicable standard governing motions for reconsiderations. (ECF No. 141.) The Court agrees.

Wahab challenges the denial of Magistrate Judge Tonianne J. Bongiovanni's January 30, 2018 Order denying Wahab's Motion for Reconsideration of her Motion to Compel on the basis that her motion was not untimely and "law which firmly establishes that discovery of acts of discrimination against others is not only discoverable, it is often admissible, and may be 'highly probative.'" (ECF No. 149-1 at 10.) Contrary to Wahab's contentions, it is "well-settled that Magistrate Judges have broad discretion to manage their docket and to decide discovery issues." *Gerald Chamles Corp. v. Oki Data Americas, Inc.*, Civ. No. 07-1947, 2007 WL 4789040, at *1 (D.N.J. Dec. 11, 2007). Because Judge Bongiovanni has broad discretion to manage her docket and decide discovery issues, and the record clearly reflects discovery was well on its away and approaching termination at the time of Wahab's Motion to Compel and at the time Wahab's counsel conducted the deposition of Zervas on May 15, 2017, the Court finds Judge Bongiovanni

properly found the Motion to Compel was untimely on Reconsideration. Indeed, this request to compel came five years into the litigation.

In addition, in 2014, Wahab requested "[a]ll notices of hostile environment workplace and/or employment discrimination claims . . . received against the NJDEP during the past 10 years from any of its employees" to which Defendants objected, but Wahab never raised any issue regarding this objection or pursue the discovery request until recently. (ECF No. 123-1 at 13.) Therefore, Wahab has failed to demonstrate Judge Bongiovanni's decision was "clearly erroneous" or "contrary to the law." Fed. R. Civ. P. 72(a). This Court can only find Judge Bongiovanni's decision "clearly erroneous" if it is "left with the definite and firm conviction that a mistake has been committed." *Dome Petroleum Ltd.*, 131 F.R.D. at 65 (quoting *U.S. Gypsum Co.*, 333 U.S. at 395). Wahab falls far short of satisfying this standard.

Moreover, Judge Bongiovanni's finding that Wahab's request was overbroad and excessive is also affirmed. While it is true that prior EEO actions against a defendant may be relevant to Wahab's claim, "parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense *and proportion to the needs of the case*." Fed. R. Civ. P. 26(b)(1) (emphasis added). In addition, "[w]hile broad, the scope of discovery is not boundless" and courts will not permit parties to engage in fishing expeditions. *Plastipak Packaging, Inc. v. DePasquale*, 363 F. App'x 188, 192 (3d Cir. 2010) (concluding "we discourage 'fishing expeditions'"); *Unicasa Mktg. Grp., LLC v. Spinelli*, No. 04-4173, 2007 WL 2363158, at *2 (D.N.J. Aug. 15, 2007). Here, Wahab's lack of specificity is not proportionate to the needs of the case and suggests she is on a fishing expedition. Wahab's request seeks all documents starting from three years prior to Wahab filing her first discrimination/harassment claim, seeking over thirteen years of EEO files. (ECF No. 149.) Such request is overbroad, especially considering the

procedural posture of the case. Accordingly, Judge Bongiovanni's January 30, 2018 Opinion and Order denying reconsideration is **AFFIRMED**.

      **IV.**    **CONCLUSION**

      For the reasons set forth above, Wahab's appeal is **DENIED** and Judge Bongiovanni's January 30, 2018 Opinion and Order denying reconsideration is **AFFIRMED**.


Date: June 25, 2018                    */s/ Brian R. Martinotti*
                                              **HON. BRIAN R. MARTINOTTI**
                                              **UNITED STATES DISTRICT JUDGE**