NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATIYA WAHAB, <br><br> Plaintiff, <br><br> v. <br><br> STATE OF NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION, et al., <br><br> Defendants. | Civil Action No. 12-6613-BRM-TJB <br><br> OPINION |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is an appeal by Plaintiff Atiya Wahab ("Wahab") (ECF No. 121) of Magistrate Judge Tonianne J. Bongiovanni's June 19, 2017 Order granting Wahab's request to extend her deadline to depose Deborah Figueroa ("Figueroa") and Steven Maybury ("Maybury") but capping the extension at July 13, 2017. (ECF No. 116.) Defendant Figueroa opposed the appeal. (ECF No. 123.) Having reviewed the parties' submissions filed in connection with the appeal and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, Wahab's appeal (ECF No. 121) is **DENIED** and Judge Bongiovanni's Order (ECF No. 116) is **AFFIRMED**.

I. **BACKGROUND**

This matter has been ongoing since October 2012. Accordingly, the Court will only address the procedural history associated with this appeal. On October 19, 2012, Wahab filed a Complaint against NJDEP alleging it "created a hostile working environment and acted in a hostile and discriminatory manner toward [Wahab] from approximately January/February 2011 through

January 2012." (ECF No. 1 at 2.) She also alleges she "received retaliatory threat[sic] of disciplinary action . . . following her [Equal Employment Opportunity ("EEO")] of NJDEP complaint dated December 12, 2011 regarding discriminatory treatment and harassment." (*Id.*)

On July 29, 2015, the parties submitted a Joint Discovery Order setting depositions and expert deadlines. (ECF No. 50.) The Order stated party depositions shall be taken by October 16, 2015, witness depositions shall be taken by November 1, 2015, and expert depositions shall be taken by December 1, 2015. (*Id.*) On May 31, 2016, Judge Bongiovanni issued another Discovery Scheduling Order requiring all fact depositions be completed by October 1, 2016. (ECF No. 83.) On September 13, 2016, Judge Bongiovanni issued another Discovery Scheduling Order extending the fact depositions deadline to December 1, 2016; and stated all discovery was to close on January 30, 2017. (ECF No. 95.) Again, Judge Bongiovanni later extended the deadline by which depositions were to be conducted to December 30, 2016. (ECF No. 98.)

On February 13, 2017, Judge Bongiovanni learned despite her orders, neither Figueroa nor Maybury were deposed. (ECF No. 101.) Therefore, on March 10, 2017, she held a telephone conference to address the issue. (Id.) During the conference, Judge Bongiovanni ordered that Maybury's deposition be conducted by May 15, 2017; and directed the parties to submit an update regarding Figueroa's deposition. (ECF No. 103.) After receiving same, Judge Bongiovanni ordered Figueroa's deposition to be conducted by June 15, 2017. (ECF No. 105.) Thereafter, Judge Bongiovanni similarly extended the deadline for Maybury's deposition to June 15, 2017. (ECF No. 109.)

On June 11, 2017, Wahab requested another extension of the June 15, 2017 deadline. (ECF No. 114.) Figueroa and Maybury consented to extending the deadline to July 13, 2017, only, despite Wahab's request for a longer extension. (ECF No. 115.) On June 19, 2017, Judge

Bongiovanni reviewed the request and granted Wahab's request to extend the deadline, but only to July 13, 2017. (ECF No. 116.) The next day, Figueroa offered four dates for which she was available to be deposed prior to the July 13, 2017 deadline. (ECF No. 123 at 4-5 and ECF No. 169 at 5.) Wahab did not respond. (*Id.*) Figueroa continued to follow up with her availability without any response from Wahab. (*Id.*) Maybury also offered dates for his deposition. (ECF No. 123 at 5.) Neither Maybury or Figueroa were deposed before the July 13, 2017 deadline. Indeed, there is no evidence Wahab made any effort to depose Figueroa or Maybury prior to the Court's order.

Instead, on July 5, 2017, Wahab filed an appeal of Judge Bongiovanni's June 19, 2017 Order. (ECF No. 121.)[1] At no time did Wahab file a motion to stay the June 19, 2017 Order pending the appeal and the Court never entered an order staying the July 13, 2017 deadline. As such, unless the Court vacates Judge Bongiovanni's Order the time to depose Figueroa or Maybury has come and gone.

## II. LEGAL STANDARD

With respect to a district judge's review of a magistrate judge's decision, Federal Rule of Civil Procedure 72(a) states: "The district judge . . . must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id*. Similarly, this Court's Local Rules provide that "[a]ny party may appeal from a Magistrate Judge's determination of a non-dispositive matter within 14 days" and the District Court "shall consider the appeal and/or

---

[1] It appears Wahab's appeal, docketed as a Motion to Vacate (ECF No. 121), was inadvertently terminated on October 24, 2017, when Defendant Pam Lyons' Motion to Vacate Default, Quash Service and to Dismiss the Complaint were intentionally terminated (ECF No. 102). As a result of this inadvertent termination, a decision on Wahab's Motion to Vacate Judge Bongiovanni's June 19, 2017 decision setting July 13, 2017 as the deadline for Figueroa and Maybury's depositions encountered some delays.

cross-appeal and set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law." L.Civ.R. 72.1(c)(1)(A).

A district judge may reverse a magistrate judge's discovery order if the order is shown to be "clearly erroneous or contrary to law" on the record before the magistrate judge. 28 U.S.C. 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter [properly referred to the magistrate judge] where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."); Fed. R. Civ. P. 72(a); L.Civ.R. 72.1(c)(1)(A); *Haines v. Liggett Grp., Inc.*, 975 F.2d 81, 93 (3d Cir. 1992) (describing the district court as having a "clearly erroneous review function," permitted only to review the record that was before the magistrate judge). The burden of showing that a ruling is "clearly erroneous or contrary to law rests with the party filing the appeal." *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004). A district judge may find a magistrate judge's decision "clearly erroneous" when it is "left with the definite and firm conviction that a mistake has been committed." *Dome Petroleum Ltd. v. Employers Mut. Liab. Ins. Co.*, 131 F.R.D. 63, 65 (D.N.J. 1990) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *accord Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D.N.J. 2008). However, "[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *United States v. Waterman*, 755 F.3d 171, 174 (3d Cir. 2014) (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985)). The magistrate judge's ruling is "contrary to law" if it misinterpreted or misapplied applicable law. *Kounelis*, 529 F. Supp. 2d at 518; *Gunter*, 32 F. Supp. 2d at 164.

## III. DECISION

Pending before this Court is Wahab's appeal of Judge Bongiovanni's June 19, 2017 Order granting Wahab's request to extend her deadline to complete depositions of Figueroa and Maybury. (ECF No. 116.) While Judge Bongiovanni granted Wahab's request and extended the deadline, she agreed with Figueroa and Maybury that the deadline need only to be extended until July 13, 2017, rather than to a date after the return date of the motion to compel as requested by Wahab. (*Id.*) Now, Wahab requests that the June 19, 2017 Order be vacated and that she be permitted to conduct the remaining depositions. (ECF No. 121-1 ¶ 10.) However, she fails to articulate how Judge Bongiovanni's ruling was "clearly erroneous or contrary to law."

As a preliminary matter, Wahab was required to file her appeal of Judge Bongiovanni's June 19, 2017 Order by July 3, 2017, within 14 days of entry and electronic service of the order. L.Civ.R 72.1(c)(1)(A). She filed her appeal on July 5, 2017. (ECF No. 121.) As such, her appeal was filed out of time and can be denied for this reason alone. Nevertheless, the Court will consider it on the merits.

It is "well-settled that Magistrate Judges have broad discretion to manage their docket and to decide discovery issues." *Gerald Chamles Corp. v. Oki Data Americas, Inc.*, Civ. No. 07-1947, 2007 WL 4789040, at *1 (D.N.J. Dec. 11, 2007). "Particularly in discovery motions, a Magistrate Judge's Order is entitled to great deference in this District, since the Magistrate Judges have full authority to manage the civil cases and to determine all such matters of discovery and case management." *Pub. Interest Research Grp. of N.J., Inc. v. Hercules, Inc.*, 830 F. Supp. 1525, 1546 (D.N.J. 1993), *aff'd in part, rev'd in part on other grounds*, 50 F.3d 1239 (3d Cir. 1995). Such deference is especially appropriate when the Magistrate Judge has been managing the matter from the outset and developed a thorough knowledge of the proceedings and history. *Id.* at 1547.

Because Judge Bongiovanni has been involved in the matter procedurally since 2012, has broad discretion to manage her docket and decide discovery issues, and the record clearly reflects Judge Bongiovanni provided Wahab with numerous extensions to depose Figueroa and Maybury, the Court finds Judge Bongiovanni's decision was not erroneous or contrary to law. Moreover, Wahab has failed to articulate any reason or demonstrate how Judge Bongiovanni's June 19 Order was "clearly erroneous" or that her decision was "contrary to law." The burden of showing that a ruling is "clearly erroneous or contrary to law rests with the party filing the appeal." *Marks*, 347 F. Supp. 2d at 149. Wahab cannot and has not meet her burden. Accordingly, Judge Bongiovanni's June 19, 2017 Letter Order is **AFFIRMED**.

### IV. CONCLUSION

For the reasons set forth above, Wahab's appeal is **DENIED** and Judge Bongiovanni's June 19, 2017 Letter Order is **AFFIRMED**.

Date: October 11, 2018

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**