NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ATIYA WAHAB, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 3:12-cv-6613-BRM-TJB |
| STATE OF NEW JERSEY, *et. al*, | : OPINION |
| Defendants. | : |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court are: (1) Atiya Wahab's ("Wahab") Appeal of the Honorable Tonianne J. Bongiovanni's October 3, 2018 Letter Order (ECF No. 173); and (2) Wahab's Motion for Preliminary Injunction and Declaratory Relief (ECF No. 179). Both motions are opposed. (ECF Nos. 176 and 181.) Having reviewed the submissions filed in connection with the motions and having declined to hear oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause shown, Wahab's motions are **DENIED**.

**I.     BACKGROUND**

   **A.  Motion for Preliminary Injunction**

On October 19, 2012, Wahab, then-*pro se*, filed a Complaint against the State of New Jersey Department of Environmental Protection ("NJDEP") alleging it "created a hostile working environment and acted in a hostile and discriminatory manner toward [Wahab]" and retaliated against her for filing an Equal Employment Opportunity ("EEO") complaint against them. (Compl. (ECF No. 1) at 1.) On February 15, 2013, NJDEP filed a motion to dismiss the Complaint. (NJDEP Mot. to Dismiss (ECF No. 6).) In opposition to the motion, Wahab filed a motion to file an

amended complaint. (Opp. to NJDEP Mot. to Dismiss (ECF No. 8).) On July 8, 2013, the Court denied NJDEP's motion to dismiss and granted Wahab leave to file an amended complaint. (Order (ECF No. 9).) On August 6, 2013, Wahab filed an Amended Complaint against the NJDEP alleging the same causes of action but providing more factual detail. (*See* Am. Compl. (ECF No. 11).)

On July 12, 2014, Donald F. Burke, Esq. entered an appearance on behalf of Wahab. (Not. of Appearance (ECF No. 29).) On September 15, 2014, Wahab filed a motion to amend the Amended Complaint, which was granted in part on April 30, 2015, allowing her to add the following five new defendants to the Complaint: the State of New Jersey, Steven Maybury ("Maybury"), Gwen Zervas ("Zervas"), Debroah Figueroa ("Figueroa"), and Lyons. (*See* Mot. to Amend (ECF No. 34) and Opinion (ECF No. 41).) Accordingly, on June 14, 2015, Wahab filed a Second Amended Complaint. (Second Am. Compl. (ECF No. 47).)

On June 24, 2017, Wahab filed a Motion to Compel, seeking to compel NJDEP "to produce documents regarding other claims of discrimination and retaliation" and to "answer questions about other claims of discrimination and retaliation" starting from three years prior to Wahab filing her first discrimination/harassment claim. (ECF No. 117-1 at 1.) The Defendants argued Wahab's requests were confidential under N.J.A.C. § 4A:7-3.1(j).[1] (ECF No. 120 at 6-7.) On October 30,

---

[1] N.J.A.C. § 4A:7-3.1(j) states:

> All complaints and investigations shall be handled, to the extent possible, in a manner that will protect the privacy interests of those involved. To the extent practical and appropriate under the circumstances, confidentiality shall be maintained throughout the investigative process. In the course of an investigation, it may be necessary to discuss the claims with the person(s) against whom the complaint was filed and other persons who may have relevant knowledge or who have a legitimate need to know about the matter. All persons interviewed, including witnesses, shall be directed not to discuss any aspect of the investigation with others in light of the important privacy interests of all concerned. Failure to comply with

2

2017, the Honorable Tonianne J. Bongiovanni, U.S.M.J. denied Wahab's Motion to Compel. (ECF No. 127.) Wahab filed a Motion for Reconsideration of Judge Bongiovanni's decision as to her Motion to Compel. (ECF No. 129.) Reconsideration was denied on January 30, 2018. (ECF No. 141.) As a result, Wahab filed an appeal of Judge Bongiovanni's denial of her Motion to Compel and Reconsideration. (ECF No. 149.) On June 25, 2018, the Court affirmed Judge Bongiovanni's Order denying Wahab's Motion to Compel. (ECF No. 162.)

On March 14, 2018, Wahab filed a separate action and Order to Show Cause for Preliminary Injunction and Temporary Restraints under Docket Number 18-6067, asserting N.J.A.C. § 4A:7-3.1(j), the provision protecting the confidentiality of EEO investigations, is unconstitutional because "it infringes on employee's rights to speak publicly on matters of public concern and it constitutes a prior restraint." (Docket No. 18-6067, ECF No. 1-2 ¶ 23.) On May 2, 2018, defendants in that action filed a Motion to Dismiss and Opposition to Wahab's Order to Show Cause. (Docket No. 18-6067, ECF No. 4.) On May 3, 2018, the Court informed the parties that no Order to Show Cause for Preliminary Injunction and Temporary Restraints was pending before it, and gave Wahab until May 28, 2018, to file one if necessary. (Docket No. 18-6067, ECF No. 5.) On June 4, 2018, Wahab filed a Cross Motion for Order to Show Cause and Opposition to Defendants' Motion to Dismiss. (Docket No. 18-6067, ECF No. 9.) On October 31, 2018, this Court granted the defendants' motion to dismiss and denied Wahab's motion for preliminary injunction. (Docket No. 18-6067, ECF No. 12.) That matter is currently being appealed to the Third Circuit. (Docket No. 18-6067, ECF No. 13.) Nevertheless, Wahab filed a similar Motion for Preliminary Injunction in this matter on November 15, 2018, also arguing N.J.A.C. § 4A:7-3.1(j)

---

this confidentiality directive may result in administrative and/or disciplinary action, up to and including termination of employment.

is unconstitutional because it infringes on an employee's free speech and constitutes a prior restraint. (ECF No. 179.)

**B. Appeal of Judge Bongiovanni's October 4, 2018 Letter Order**

Wahab seeks to appeal Judge Bongiovanni's October 3, 2018 Letter Order, which reiterated that the time to depose Deborah Figueroa and Steven Maybury had expired. (ECF No. 169.)

On June 19, 2017, Judge Bongiovanni "grant[ed] [Wahab's] request to extend the deadline to complete the depositions of Deborah Figueroa and Steven Maybury . . . until July 13, 2017." (ECF No. 116.) The next day, Figueroa offered four dates for which she was available to be deposed prior to the July 13, 2017 deadline. (ECF No. 123 at 4-5 and ECF No. 169 at 5.) Wahab did not respond. (*Id.*) Figueroa continued to follow up with her availability without any response from Wahab. (*Id.*) Maybury also offered dates for his deposition. (ECF No. 123 at 5.) Neither Maybury or Figueroa were deposed before the July 13, 2017 deadline.

On July 5, 2017, Wahab filed an appeal of Judge Bongiovanni's June 19, 2017 Order. (ECF No. 121.) Wahab's appeal, docketed as a Motion to Vacate (ECF No. 121), was inadvertently terminated on October 24, 2017, when Defendant Pam Lyons' Motion to Vacate Default, Quash Service and to Dismiss the Complaint were intentionally terminated (ECF No. 102). As a result of this inadvertent termination, a decision on Wahab's Motion to Vacate Judge Bongiovanni's June 19, 2017 decision setting July 13, 2017 as the deadline for Figueroa and Maybury's depositions encountered some delays and was decided only on October 11, 2018. (ECF No. 170.)

On November 16, 2017, Judge Bongiovanni entered a Letter Order scheduling a telephone conference for February 8, 2018, regarding what discovery or deposition issues remained. (ECF No. 131.) On February 9, 2018, following the telephone conference, Judge Bongiovanni denied

Wahab's request to depose Myrna Campion, Anthony Farro, and Deb Ewalt. (ECF No. 147.) In addition, Judge Bongiovanni stated Wahab's "request to conduct the depositions of Steven Maybury and Debroah Figueroa and to continue the deposition of Gwen Zervas shall be addressed after [Wahab's] anticipated appeal of the Court's Memorandum Opinion and Order . . . denying [Wahab's] motion for reconsideration." (*Id.* at 2.)

On August 24, 2018, Wahab again requested permission to depose Deborah Figueroa and Steven Maybury, basing her request on Judge Bongiovanni's February 9, 2019 Order. (ECF No. 169.) Specifically, the part in the February 9, 2018 Order stating, Wahab's "request to conduct the depositions of Steven Maybury and Debroah Figueroa and to continue the deposition of Gwen Zervas shall be addressed after [Wahab's] anticipated appeal of the Court's Memorandum Opinion and Order . . . denying [Wahab's] motion for reconsideration." (ECF No. 147 at 2.)

On October 3, 2018, Judge Bongiovanni confirmed the time to depose Figueroa and Maybury had expired. (ECF No. 169.) Specifically, she stated:

> When taken in context, it is clear that the Court never intended the February 9, 2018 Letter Order to imply that [Wahab] would definitively or even likely be permitted to take Ms. Figueroa or Mr. Maybury's deposition. Instead, the Court, anticipating another appeal of one of its discovery Orders and aware than an appeal of the Court's decision setting July 13, 2017 as the deadline for Ms. Figueroa and Mr. Maybury's depositions remained pending, refused to address [Wahab's] request to depose Ms. Figueroa and Mr. Maybury at that juncture. Aware that the District Court's decision on the appeals could potentially impact the Court's earlier decision requiring Ms. Figueroa and Mr. Maybury to be deposed by July 13, 2017, the Court stated that the request to depose Ms. Figueroa and Mr. Maybury would be addressed after a decision on the appeal was made.

(*Id.* at 7.)

On October 11, 2018, this Court affirmed Judge Bongiovanni's June 19, 2017 Order, finding the deadline to depose Figueroa and Maybury had in fact expired. (ECF No. 170.) Notably,

5

at no time did Wahab file a motion to stay the June 19, 2017 Order pending her appeal and the Court never entered an order staying the July 13, 2017 deadline.

## II. LEGAL STANDARDS

### A. Preliminary Injunction

"Preliminary injunctive relief is an 'extraordinary remedy, which should be granted only in limited circumstances.'" *Ferring Pharms., Inc. v. Watson Pharms., Inc.*, 765 F.3d 205, 210 (3d Cir. 2014) (quoting *Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharms. Co.*, 290 F.3d 578, 586 (3d Cir. 2002)). To obtain a temporary restraining order or preliminary injunction, the moving party must show:

> (1) a reasonable probability of eventual success in the litigation, and (2) that it will be irreparably injured . . . if relief is not granted. . . . [In addition,] the district court, in considering whether to grant a preliminary injunction, should take into account, when they are relevant, (3) the possibility of harm to other interested persons from the grant or denial of the injunction, and (4) the public interest.

*Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017) (quoting *Del. River Port Auth. v. Transamerican Trailer Transport, Inc.*, 501 F.2d 917, 919–20 (3d Cir. 1974)). The movant bears the burden of establishing "the threshold for the first two 'most critical' factors . . . . If these gateway factors are met, a court then considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief." *Id.* at 179.

### B. Review of Magistrate Judge's Decision

With respect to a district judge's review of a magistrate judge's decision, Federal Rule of Civil Procedure 72(a) states: "The district judge . . . must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id*. Similarly, this Court's Local Rules provide that "[a] Judge shall consider the appeal and/or cross-appeal and set

aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law." L.Civ.R. 72.1(c)(1)(A). A district judge may reverse a magistrate judge's discovery order if the order is shown to be "clearly erroneous or contrary to law" on the record before the magistrate judge. 28 U.S.C. 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter [properly referred to the magistrate judge] where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."); Fed. R. Civ. P. 72(a); L.Civ.R. 72.1(c)(1)(A); *Haines v. Liggett Grp., Inc.*, 975 F.2d 81, 93 (3d Cir. 1992) (describing the district court as having a "clearly erroneous review function," permitted only to review the record that was before the magistrate judge). The burden of showing that a ruling is "clearly erroneous or contrary to law rests with the party filing the appeal." *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004). A district judge may find a magistrate judge's decision "clearly erroneous" when it is "left with the definite and firm conviction that a mistake has been committed." *Dome Petroleum Ltd. v. Employers Mut. Liab. Ins. Co.*, 131 F.R.D. 63, 65 (D.N.J. 1990) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *accord Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D.N.J. 2008). However, "[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *United States v. Waterman*, 755 F.3d 171, 174 (3d Cir. 2014) (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985)). The magistrate judge's ruling is "contrary to law" if it misinterpreted or misapplied applicable law. *Kounelis*, 529 F. Supp. 2d at 518; *Gunter*, 32 F. Supp. 2d at 164.

### III. DECISION

#### A. Motion for Preliminary Injunction

Wahab argues she is entitled to a preliminary injunction enjoining the Defendants from enforcing their N.J.A.C. § 4A:7-3.1(j) confidentiality directive. (ECF No. 179-1.) Defendants

7

argue Wahab's application for a preliminary injunction and declaratory relief should be denied because she has not demonstrated "a likelihood of success on the merits, that there is a risk of immediate irreparable injury, or that her interests outweigh the important public interest in the continued existence of N.J.A.C. § 4A:7-3.1(j)." (ECF No. 181 at 2.) Defendants also argue Wahab's Motion is simply another appeal of Judge Bongiovanni's orders denying her motion to compel discovery and depositions in this matter. (*Id.* at 3-4.)

The Court agrees with Defendants. First, Wahab has failed to show "a reasonable probability of eventual success in the litigation." *Reilly*, 858 F.3d at 176 (citation omitted). The constitutionality of Defendants N.J.A.C. § 4A:7-3.1(j) confidentiality directive is not at issue in this case and is the only thing Wahab addresses in her Motion for Preliminary Injunction. Wahab has failed to demonstrate that she will likely succeed in this litigation on her NJLAD, Title VII, and NJCRA claims. Because she bears the burden of establishing this factor and has failed to do so, her Motion for Preliminary Injunction can be and is **DENIED** on this basis alone. Nevertheless, the Court also finds that to the extent Wahab is attempting to circumvent its opinions and orders to gain discovery or depositions previously denied on appeal, such request is also **DENIED**. Lastly, the unconstitutionally of Defendants' N.J.A.C. § 4A:7-3.1(j) confidentiality directive should have been raised on appeal to this Court when Wahab filed an appeal of Judge Bongiovanni's orders. Accordingly, Wahab's Motion for Preliminary Injunction is **DENIED**.

**B. Appeal of Judge Bongiovanni's October 4, 2018 Letter Order**

Wahab "requests the District Court vacate the Letter Order filed October 4, 2018 and allow [her] to depose party defendants." (ECF No. 173-1 ¶ 12.) Defendants argue Wahab's renewed request has already been denied by this Court and cannot be reviewed again. (ECF No. 176.)

The Court agrees with Defendants. Judge Bongiovanni's October 3, 2018 Letter Order is simply a restatement of her previous June 19, 2017 Order stating the time to depose Figueroa and Maybury expired July 13, 2017. (ECF No. 169.) Judge Bongiovanni's February 9, 2018 Order never intended to imply that Wahab would be permitted to take Deborah Figueroa or Steven Maybury's deposition. Instead, aware that an appeal of her decision setting July 13, 2017 as the deadline for Deborah Figueroa and Steven Maybury's depositions remained pending, Judge Bongiovanni refused to address Wahab's repeated request to depose Deborah Figueroa and Steven Maybury at that juncture, since this Court's decision on appeal could have potentially impacted Judge Bongiovanni's decision. Because this Court has already affirmed Judge Bongiovanni's June 19, 2017 Order, and her October 3, 2018, is merely a restatement of the June 19, 2017 Order, the Court also affirms Judge Bongiovanni's October 3, 2018 Order for the same reasons stated in its October 11, 2018 Opinion. (*See* ECF No. 170.) Indeed, Wahab raises the same issues in this appeal, provides no examples of facts or legal standards that Judge Bongiovanni overlooked, and fails to establish how Judge Bongiovanni's October 3, 2018 Order was "clearly erroneous or contrary to law." Accordingly, Wahab's appeal of Judge Bongiovanni's October 3, 2018 Order is **DENIED**.

**IV. CONCLUSION**

For the reasons set forth above, Wahab's Appeal of Judge Bongiovanni's October 3, 2018 Letter Order (ECF No. 173) is **DENIED** and Judge Bongiovanni's October 3, 2018 Letter Order is **AFFIRMED**. Wahab's Motion for Preliminary Injunction (ECF No. 179) is also **DENIED**.

Date: February 5, 2019	*/s/ Brian R. Martinotti*
	**HON. BRIAN R. MARTINOTTI**
	**UNITED STATES DISTRICT JUDGE**